STATE *v.* WILLIAM SCHWARTZ and PAUL DUMPSON.

(*September* 28, 1932.)

RODNEY, J., sitting.

*Charles F. Richards,* Deputy Attorney-General, for the State.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for the defendant, Schwartz.

Court of General Sessions for New Castle County, Indictment for arson, No. 54, September Term, 1932.

RODNEY, J., in directing the jury to find a verdict of not guilty, among other things, said:

Among the grounds alleged by the defendant is that the property in an arson case must be alleged and proven to be the property of the tenant in possession. Arson is not simply a burning. It is the burning of a dwelling house and is, therefore, directed against the person either in the dwelling house or who has a right to the dwelling

house, and, therefore, the property must be alleged in a case of arson to be the property of the person whose dwelling it then was; otherwise, it would be simply burning, and arson is made the offense of burning a dwelling house and is a much more serious offense under our law than simply burning a building.

. Objection is made that the indictment alleged that the property burned was the property of William Schwartz, Trustee, and it is contended that since Arthur Williams is the proven tenant of, at least, part of the property and Herman Wilson was the tenant of the remaining part of the property, that the proof does not sustain the indictment and that the indictment should have alleged the house to have been the property of the person in possession.

There is no proof whatever to sustain the indictment that the property was of William Schwartz, Trustee.

The authorities seem all to agree that an indictment for arson should allege the property as the property of him in whose possession it then was. In 2 *Wharton's Criminal Law* (*12th Ed.*), page 1361, it is said:

"The house must not be described as the house of the owner of the fee if in effect at the time another has the actual occupancy, but it must be described as a dwelling house of him whose dwelling it then is."

2 *Archbold Criminal Pl. and Pr.* shows the form of indictment to have been that the property was alleged as of the person in whose "possession" it was.

In *People v. Gates,* 15 *Wend.* (*N. Y.*) 159, it was held that where the building burned was alleged in the indictment as the building of the owner and proof was that it was in the possession of the tenant that the accused could not be convicted.

In *Hicks v. State,* 43 *Fla.* 171, 29 *So.* 631, where the property was alleged to have been the property of Wesley Hearn, and it was shown that he was the owner, but not in possession, a verdict of guilty was reversed. The reason

is that arson is not an offense against the house simply as a piece of real estate in which the owner is interested, but is an offense solely directed against the person in possession. It is an offense against the habitation or dwelling house of the person and the party against whom the offense is committed is not the owner of the property but is the party entitled to the possession or the dweller in the particular property or house.

I have come to this conclusion with reluctance, but, under the circumstances, there is no legal alternative. I must, therefore, direct you to find a verdict in favor of the defendant or of not guilty.

Verdict, not guilty as to both defendants.