60 So.2d 734 (1952)
STATE
v.
COOTNER.
Supreme Court of Florida, en Banc.
October 14, 1952.
*735 Richard W. Ervin, Atty. Gen., Leonard Pepper, Asst. Atty. Gen., Glenn C. Mincer, State's Atty., Robert R. Taylor, County Solicitor, Miami, Vivion B. Rutherford, Asst. County Solicitor, Miami Beach, and John H. Connelly, Asst. County Solicitor, Miami, for appellant.
Louis M. Jepeway and John G. Dauber, Miami, for appellee.
PER CURIAM.
The appellee was tried upon the charge that he burned, or caused to be burned, certain personal property located in a described building in Miami, Dade County, Florida. The information, among other things, contained the following:
"* * * said personal property being then and there the property of the said William Cootner." (Emphasis supplied.)
At the trial the testimony showed that the property was owned by Carter Clothing Company, Inc., a Florida corporation. At the conclusion of the State's testimony, the Court granted a motion for directed verdict on the ground that there was a fatal variance between the charge and the proof. The jury returned a verdict of not guilty as directed by the Court.
A new information was then filed identical with the first information except it alleged:
"* * * said personal property being then and there the property of Carter Clothing Company, Inc., a Florida Corporation." (Emphasis supplied.)
The Court directed a verdict of not guilty in the first case because it was of the opinion that the allegation of ownership was a material allegation.
A motion was filed to quash the second information on the ground of double jeopardy. The Court granted this motion and the State has appealed.
The Court granted the motion to quash on the theory that the ownership of the property was not material and that the same evidence except as to ownership would be applicable to the second case.
The appellee has assumed two inconsistent positions. As to the trial on the first information he urged that the allegation of ownership was so vital and material that a variance between the name of the owner alleged and the name of the owner proved was a fatal variance. As to the second information he urges that the question of ownership was not material and that the same evidence as to the burning offered in the first trial would be offered in the second trial and, therefore, to place him on trial a second time would be double jeopardy.
The two informations charged separate and distinct offenses. The first was the burning of personal property "being then and there the property of the said William Cootner." The second information charged a different offense of burning the property "being then and there the *736 property of the Carter Clothing Company, Inc., a Florida Corporation."
In the case of Hicks v. State, 43 Fla. 171, 29 So. 631, this Court announced a very strict rule with reference to arson. The lower Court charged the jury to the effect that if they believed that the defendant wilfully and maliciously set fire to and burned a structure which was a dwelling house and that said dwelling house was the property of the person alleged in the information, they should find the defendant guilty. This Court in reversing the case held that the charge was error because it was not sufficient to prove that the party alleged in the indictment owned the building and that the building was the dwelling house of some other person, but it must also be shown that the building is the dwelling house or residence of the party alleged in the indictment.
In the case of Cox v. State, 87 Fla. 79, 99 So. 126, the plaintiffs in error were tried and convicted upon a charge of the wilful and malicious burning of the dwelling house of another. There was evidence to the effect that at the time of the burning, the building was not the dwelling house of the owner for the reason that he and his family had previously vacated it with no intention to return. In further corroboration of this testimony, there was offered testimony that the owner was negotiating with another to sell the property and a verbal agreement of sale had been made. The Court sustained objections to this testimony. This Court reversed the case and said:
"The excluded evidence being material, and the rulings excluding it being error, and this being a vital point in the case, it cannot be said that the erroneous rulings were not harmful."
In the case of Sawyer v. State, 100 Fla. 1603, 132 So. 188, 192, this Court held that an indictment or information for the burning of a dwelling house "should allege that the dwelling house burned was the dwelling house of a certain person or persons, naming him or them, and that the evidence to sustain such charge should show that the dwelling house burned was the habitation of such person or persons so designated in the indictment or information". (Emphasis supplied.)
In 22 C.J.S., Criminal Law, § 298, page 454, under the Title Arson the following appears:
"Under the rule that the offense must be the same in both prosecutions in order to support a defense of former acquittal, it is held that such identity of charges does not appear if the ownership or possession of the property is laid in different persons. Thus, an acquittal of burning a dwelling house and barn belonging to one person is no bar to an indictment for the same offense which alleges that the property belonged to another person."
The test above quoted is sustained by the cases of State v. Schwartz, 5 W.W. Harr. 415, 35 Del. 415, 166 A. 665, and Commonwealth v. Wade, 17 Pick. 395, 34 Mass. 395.
In the case of Commonwealth v. Wade, supra, the Massachusetts Court said:
"The Court, after deliberation, said that the averment of property in the barn being material, and the fact being alleged differently in the two indictments, they were not for the same offense, in form or substance; that the same evidence which would support the averment, that the barn was the property of Newhall and the members of the Citizens' Coach Company, would not support the averment that it was the barn of Newhall and Gay; that as the plea professed to answer the whole indictment, and was not a good bar to all the counts, it could not on demurrer be a good bar to any of them; that as to the Counts in the new indictment alleging the barn not to be property of the prisoner, this was so inconsistent with the averment in the former indictment, that it was the barn of Newhall and Gay, and if the plea had been pleaded to those counts alone, and had averred that they were for the same offense, the demurrer might have been an admission of this averment, and the plea have been a good bar; that the plea did not so aver, but only averred that the burning was the same, *737 which might well be, and yet the offense not be the same.
"The plea was therefore overruled, and the prisoner, being required to answer over, pleaded not guilty, and was put upon his trial." (Emphasis supplied.)
In the first prosecution in order to obtain a conviction, testimony was necessary that the personal property was then and there the property of William Cootner. There was no such testimony. In the second information in order to obtain a conviction, it would be necessary to offer testimony that the personal property was then and there the property of Carter Clothing Company, Inc., a Florida corporation. The two informations charged two separate and distinct offenses and different testimony was necessary as to each information in order to convict.
The prosecution and trial upon the second information would not constitute double jeopardy.
Estoppel is another important question in this case which is clearly presented by the records and the briefs. May a defendant who obtains an instructed verdict on the ground that there is a material variance between the allegation and the proof with reference to ownership of the property burned, as was done in this case, escape prosecution on a second information on the claim of double jeopardy on the ground that the variance claimed in the first prosecution was an immaterial variance as to ownership of the property burned?  In other words, can he escape trial by taking these two inconsistent positions? Can he "blow hot one minute and cold the next?"
At the trial of the first case the State failed to prove that the property was the property of William Cootner. In the motion for directed verdict filed by the appellee, we find the following:
"Comes now the defendant William Cootner and respectfully moves the Court to direct a verdict of acquittal in this cause because the State has failed woefully to prove as alleged in this information that the said personal property was then and there the property of said William Cootner."
The Court found that such variance was material and was a fatal error and directed a verdict of acquittal.
In 16 C.J., p. 243, the author states:
"The effect of a material variance between the allegations of the indictment and the proof is to entitle defendant to an acquittal on the particular indictment, but he is still liable to be tried for his crime. If accused is acquitted by direction of the court on the ground of material variance, he cannot plead the acquittal as a bar, for he has never been in jeopardy, and when tried on a new indictment the crime then alleged is not the same crime as in the former indictment. And it has been held that, if accused on the prior trial maintained that the variance was material and the court directed a verdict of acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material." See, also, 22 C.J.S., Criminal Law, § 246.
In support of the text see People v. Meakim, 61 Hun 327, 15 N.Y.S. 917, and Carroll v. State, 50 Tex.Cr.R. 485, 98 S.W. 859.
The appellee having obtained an instructed verdict of acquittal in the first case on the ground that the ownership of the property was a material allegation and there was a fatal variance between the allegation and the proof, is estopped to now complain on a prosecution of a second information that the same would place him in double jeopardy because the allegation with reference to the ownership of the property was immaterial.
The trial Judge was correct in his ruling in the first case and committed error in granting the motion to quash the second information.
Reversed, with directions to set aside the order quashing the second information, and for further proceedings in accordance with this opinion.
*738 SEBRING, C.J., and HOBSON, ROBERTS and MATHEWS, JJ., concur.
TERRELL and THOMAS, JJ., dissent.
DREW, J., not participating.