115 So.2d 545 (1959)
Bennie LE REA, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
Supreme Court of Florida.
November 13, 1959.
Ervin, Buford & Pennington, Tallahassee, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
DREW, Justice.
Petitioner was placed on trial in the Circuit Court of Marion County under an information charging him with grand larceny of certain jewelry, "the property of Keystone Jewelry Store, Ocala, Florida." The evidence at that trial, which was held on November 1, 1957, showed without contradiction that the stolen property did not belong to Keystone Jewelry Store, Ocala, Florida, as alleged in the information, but, on the contrary, belonged to Keystone Jewelers, whereupon petitioner moved for and obtained a directed verdict of not guilty.
Immediately afterward, petitioner was rearrested on a second information charging him with grand larceny of certain jewelry, "the property of Keystone Jewelers, a partnership consisting of J.W. Johnson and Dorothy Johnson," to which he entered a plea of not guilty and went to trial without claiming former acquittal or former jeopardy by motion to quash or other defensive pleading. This trial resulted in an adjudication of guilt and a five year sentence to the state prison. From this judgment and sentence petitioner appealed to the District Court, First District, and at that time raised the question of double jeopardy for the first time by assignment of error. The District Court affirmed without opinion.
Two questions are raised in this original habeas corpus proceeding in this Court. First, the question of double jeopardy and second (urged by the State), the right of petitioner to raise the question in habeas corpus proceedings.
It is not questioned that there was a fatal variance at the first trial arising because of the inability to prove ownership of the stolen property as named in the indictment, i.e. the proof showed the stolen *546 property did not belong to the owner alleged in the information, Keystone Jewelry Store.[1]
Petitioner was first tried for stealing property of a party named in the information to whom the property did not actually belong. In other words, it was not for stealing the property of the owner alleged in the second information, i.e. Keystone Jewelers, a partnership consisting of J.W. Johnson and Dorothy Johnson. Therefore, the acquittal under the first information did not bar prosecution under the second information. In order to sustain a plea of former jeopardy it must appear that there was a former prosecution in the same state for the same offense; that the same person was in jeopardy on the first prosecution; that the parties are identical in the same prosecution; and that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar to further prosecution.[2]
The facts which convicted the petitioner under the second information, including the fact that the stolen jewelry belonged to Keystone Jewelers, a partnership consisting of J.W. Johnson and Dorothy Johnson, would not have sustained a conviction under the first information wherein the charge was made that the stolen property belonged to Keystone Jewelry Store, Ocala, Fla. Therefore, the acquittal under the first information did not stand as a bar to the second prosecution.[3]
Florida Statutes, § 909.02, F.S.A., reads as follows:
"909.02 Certain pleas abolished; motion to quash substituted. Pleas to an indictment or information, other than pleas of nolo contendere, guilty, or not guilty, are abolished.
"All defenses heretofore available to a defendant by plea, other than pleas of nolo contendere and not guilty, shall be taken only by motion to quash the indictment or information, whether the same relate to matters of form or substance, former acquittal, former jeopardy, or any other defense which heretofore was raised by plea."
Inasmuch as we have held that the second trial did not place petitioner in jeopardy for the second time for the same offense, it becomes unnecessary for us to determine whether a failure to plead former jeopardy in all instances and under all circumstances would constitute a waiver[4] or whether such question could *547 be raised in a collateral proceeding such as this.
The petitioner is remanded to the custody of the respondent.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.
NOTES
[1] State v. Bowden, 1944, 154 Fla. 511, 18 So.2d 478; Kennedy v. State, 1893, 31 Fla. 428, 12 So. 858, 859.
[2] King v. State, 1940, 145 Fla. 286, 199 So. 38, 40.
[3] State v. Bowden, supra note 1; Lovelady v. State, 21 Ala.App. 536, 109 So. 610, 611; State v. Cootner, Fla. 1952, 60 So.2d 734, 737; State v. Anders, Fla. 1952, 59 So.2d 776.

"In the first prosecution in order to obtain a conviction, testimony was necessary that the personal property was then and there the property of William Cootner. There was no such testimony. In the second information in order to obtain a conviction, it would be necessary to offer testimony that the personal property was then and there the property of Carter Clothing Company, Inc., a Florida corporation. The two informations charged two separate and distinct offenses and different testimony was necessary as to each information in order to convict.
"The prosecution and trial upon the second information would not constitute double jeopardy." State v. Cootner, supra [60 So.2d 735].
[4] This seems to be the general rule.

"The question of former jeopardy may be raised, where the facts upon which such plea is based appear of record in the same case, by a plea in bar, or by a moton for discharge of accused, or by objecting to entering upon the second trial, upon such ground, or in any other appropriate manner by which the matter is called to the attention of the trial court. The question must be presented to the trial court and may not be raised for the first time in a collateral proceeding. It must be raised at the first opportunity and if a person about to be placed in jeopardy a second time does not, in some legal form, insist upon his constitutional privilege before entering upon a trial of the merits the privilege is waived. So an accused waives his right to claim double jeopardy by pleading guilty." 22 C.J.S. Criminal Law § 277, p. 413.
Also see 39 C.J.S. Habeas Corpus § 23, p. 474.