238 So.2d 690 (1970)
Cecil CROWELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-144.
District Court of Appeal of Florida, Third District.
August 25, 1970.
Hughlan Long, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
The defendant was charged by information with the crime of assault to commit murder. He entered a plea of not guilty and waived jury trial. A non-jury trial was had in the Criminal Court of Record for Dade County which resulted in his being adjudicated guilty of aggravated assault and imposition of a sentence of two years in the state penitentiary.
Appellant seeks reversal of the judgment and sentence on the grounds that the trial court erred in finding the defendant guilty because the proof at trial failed to establish all material allegations of the information and that the proof varied materially from the bill of particulars.
The information by which the defendant was charged alleged that the crime was committed on the 25th of June, 1969. The proof offered by the state tended to show that the offense took place at a time different from that set forth in the information *691 and bill of particulars. After all the evidence was presented by the state and the defendant, the state was allowed, over the objection of the defendant, to amend the bill of particulars to conform to the state's proof as to the date of the offense.
Appellant contends that he was prejudiced in his defense by the untimely amendment to the bill of particulars as he went to trial and prepared his defense to the charges based upon the state's allegation that the crime was committed on the date specified in the information and bill of particulars which was at a time when the defendant was in the Dade County Jail. We agree with defendant's contention and reverse. Thomas v. State, 74 Fla. 200, 76 So. 780; Daniel v. State, Fla.App. 1963, 156 So.2d 14.
Accordingly the judgment and sentence are reversed and the cause remanded with directions to grant a new trial.
Reversed and remanded.