298 So.2d 376 (1974)
The STATE of Florida, Petitioner,
v.
Larry Darnell BEAMON, Respondent.
No. 44582.
Supreme Court of Florida.
July 31, 1974.
*377 Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for petitioner.
Phillip A. Hubbart, Public Defender; and Eva Weisner, Asst. Public Defender, for respondent.
DEKLE, Justice.
By petition for writ of certiorari, we are asked to review the decision of the Third District Court of Appeal below. Jurisdiction vests pursuant to Art. V, § 3(b)(3), Fla. Const., based upon conflict between that decision and the decisions of *378 LeRea v. Cochran, 115 So.2d 545 (Fla. 1959); State v. Bentley, 81 So.2d 750 (Fla. 1955); and State v. Cootner, 60 So.2d 734 (Fla. 1952), as will hereafter appear.
On December 19, 1972, the State filed its information charging respondent with one count of robbery and one count of buying, receiving or concealing stolen property, both offenses allegedly occurring on November 26, 1972. Thereafter, the State filed a bill of particulars which mistakenly alleged that the offense of robbery occurred on Nov. 24, 1972. Non-jury trial commenced on January 23, 1973, at which time the state nolle prossed the second count (stolen property) of the information. The State called its first witness, the robbery victim, who testified that she was robbed on Nov. 26, 1972. At that point, defense counsel objected and moved for judgment of acquittal on the ground that the proof adduced at trial relating to the date of the offense materially varied from the date of the offense as alleged in the bill of particulars. The trial judge granted the motion and declared the defendant "not guilty of the crime of robbery on Nov. 24, 1972." (emphasis ours)
The State then filed a second information on Jan. 24, 1973, charging respondent with one count of robbery and one count of displaying a firearm while committing a felony, both offenses allegedly occurrring on Nov. 26, 1972. Subsequently, the State filed an amended bill of particulars alleging Nov. 26, 1972, as the date of the offense. This second information was bottomed on the same incident as the first information, to-wit: a robbery of Patti Meyers on Nov. 26, 1972. Respondent filed a motion to dismiss, which the trial judge granted, on the ground that the respondent had been previously placed in jeopardy for the same offense and that the State was estopped collaterally from charging him with displaying a firearm during the robbery "for which he had been previously placed in jeopardy and acquitted."
On appeal, the Third DCA affirmed the judgment, reasoning that the acquittal constituted a bar to subsequent prosecution for the robbery in question and that the State was collaterally estopped as to the second count of the information. We cannot agree.
It is the defendant  not the State  who is estopped. The defendant is estopped by virtue of his inconsistent positions in first claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the date of the alleged offense he was acquitted of it in the first trial. He cannot carry water on both shoulders. This was made clear by this Court's reasoning in the case for conflict of State v. Cootner, supra, involving a different ownership of property: (60 So.2d 737)
"The appellee having obtained an instructed verdict of acquittal in the first case on the ground that the ownership of the property was a material allegation and there was a fatal variance between the allegation and the proof, is estopped to now complain on a prosecution of a second information that the same would place him in double jeopardy because the allegation with reference to the ownership of the property was immaterial."
Sub judice, in entering a judgment of acquittal on the first information, the trial court specifically held that the State was limited in its proof to an offense occurring on Nov. 24, 1972, rather than Nov. 26. This was the very position taken and strongly urged by the respondent as a basis for his acquittal in arguments before the trial court on the first information. Since no proof as to an offense on Nov. 26 was then allowed, the State was not estopped to pursue such Nov. 26 offense by a failure to prove what did not happen on Nov. 24!
When there is a bill of particulars, and when it specifies only an exact *379 date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information; the effect of such a specification of date in a bill of particulars is to narrow the Indictment or Information as to the time within which the act or acts allegedly constituting the offense may be proved. Martin v. Karel, 106 Fla. 363, 143 So. 317 (1932); Smith v. State, 93 Fla. 238, 112 So. 70 (1927); Middleton v. State, 74 Fla. 234, 76 So. 785 (1917); Ex parte Clarkson, 72 Fla. 220, 72 So. 675 (1916). Also, the fact that the date charged in the first Information in this case was Nov. 26, 1972, does not control over a specification in the bill of particulars under that Information that the offense was committed on Nov. 24, 1972. Nor may the State remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence. Crowell v. State, 238 So.2d 690 (Fla.App.3d 1970). Thus, it is clear that the bill of particulars on the first Information narrowed the date of the alleged offense to the date of Nov. 24, 1972, and respondent could not therefore be convicted under that Information, as so limited, of an offense occurring on Nov. 26, 1972, and the able trial judge was imminently correct in entering an acquittal on the trial under the first Information.
Despite the specification of an exact date in an Information, and where no other date is set forth in a bill of particulars, a different time may be shown at the trial, and a conviction may be had if the proof shows the offense to have been committed at any time prior to the accusatory date in the Information (within the bar of the statute of limitations), where there is no bill of particulars specifying a different date. State v. Clein, 93 So.2d 876 (Fla. 1957); Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944); Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943).
The above rules are to be distinguished, however, from an information charging a violation "on or about" a named date; this has been expressly held by this Court to be sufficient in Sparks v. State, 273 So.2d 74 (Fla. 1973). We said there:
"However, it is not necessary to state the exact date of the offense if that date is not known; it is acceptable to state that the commission of the crime occurred within set limits if those limits are specifically stated. Overstreet v. Whiddon, 130 Fla. 231, 177 So. 701 (1937). It is not even essential that the date proved at trial be the date stated in the indictment or information. Hunter v. State, 85 Fla. 91, 95 So. 115 (1923), and Straughter v. State, 83 Fla. 683, 92 So. 569 (1922), supra. While the bar against the use of `on or about' continues to be applied within the State (State v. Chapman, 240 So.2d 491 (Fla.App.3d, 1970)), the exceptions have made the ironclad bar meaningless as a protection of the accused, and CrPR, Rule 3.140(d)(3), has erased the common law requirement of a definite date."
Numerous citations are set forth in Sparks from the various states which have receded from the old bar against the use of "on or about" as a sufficient basis on which to charge an offense.
We conclude that respondent's trial under the first Information placed him in jeopardy only of an offense of robbery, if any, occurring on Nov. 24, 1972; it did not place him in jeopardy nor constitute a collateral estoppel of the alleged offense of robbery occurring on Nov. 26, 1972.
The district court correctly noted that the test to sustain a plea of former jeopardy is that it must be made to appear that (1) there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; and *380 (4) that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); King v. State, 145 Fla. 286, 199 So. 38 (1940). However, the district court erred in applying this test sub judice when it determined that the respondent had previously been acquitted of the offense now charged in the second Information. As we indicated above, the offense charged in the first Information, as limited by the bill of particulars filed there, was not the same offense as that charged in the second Information, as limited by the bill of particulars filed in connection with that Information. The offenses charged by the two Informations, as each was limited by its own bill of particulars, occurred on different dates; the initial Information, as so limited, charged only an offense occurring on Nov. 24, 1972, and the second Information charged an offense occurring on Nov. 26, 1972. Since the offense involved was not a continuing one, the difference in dates clearly renders them two separate and distinct offenses, a fact recognized by the trial judge when he specifically declared respondent "not guilty of the crime of robbery on Nov. 24, 1972." Accordingly, no double jeopardy and no collateral estoppel are involved in the instant case, and the trial court and district court of appeal erred in holding to the contrary.
Returning now to the jurisdictional question, we find conflict between the decision of the district court below, holding that the double jeopardy provisions of the state and federal constitutions required a dismissal of the second Information under the circumstances, and the decisions of LeRea v. Cochran, supra; State v. Bentley, supra; and State v. Cootner, supra. Each of those cases stand for the proposition that double jeopardy does not bar prosecution for an offense where a prior accusatory document mistakenly identified one of the essential elements of the offense and an acquittal under the prior accusatory document had been obtained. In LeRea, the initial Information charged the defendant with grand larceny of jewelry belonging to Keystone Jewelry Store, Ocala, Florida; the evidence at trial disclosed that the stolen property did not belong to Keystone Jewelry Store as alleged, but belonged to "Keystone Jewelers," whereupon the accused obtained a directed verdict of not guilty. Immediately afterward, he was rearrested on a second Information charging him with grand larceny of certain jewelry the property of Keystone Jewelers, to which he entered a plea of not guilty and went to trial, resulting in an adjudication of guilt. This Court held that the facts which convicted petitioner under the second Information, including the fact of ownership of the stolen jewelry, would not have sustained a conviction under the first Information, where the charge was made that the stolen property belonged to "Keystone Jewelry Store, Ocala, Florida." Therefore, we held that the acquittal under the first Information did not bar the second prosecution.
Similarly, in State v. Bentley, supra, the accused was charged by Information with larceny of a cow belonging to a particular person, the offense occurring on a particular day. At trial, the evidence produced showed that the larceny was of a bull, rather than a cow, all other elements charged in the information being shown to be accurate. Defendant's motion for directed verdict on grounds of material variance between allegation and proof was granted, and a new Information was subsequently filed charging larceny of a bull, all other elements charged in the first Information being identical. Motion to quash this information on the basis of prior jeopardy was granted, and this Court reversed. We noted that the defendant had taken advantage of the variance by motion for directed verdict and thereby had elected to establish the materiality of the variance at the trial under the first Information. Having done *381 so, we continued, the defendant should not now be heard to contend that the variance was not material and that the two different offenses charged in actuality constituted one and the same offense. We concluded in that case that the offense alleged in the second Information (charging larceny of a bull) was not the same offense as that alleged in the first Information (charging larceny of a cow) and that defendant having asserted the variance by motion for directed verdict and thereby having established the materiality of the variance, could not now assert in defense that he had been previously placed in jeopardy when the second Information, made necessary by his own efforts, charged a separate and distinct offense. The conflict with State v. Cootner, supra, has been earlier demonstrated.
In holding that the second Information sub judice, as limited by its bill of particulars, charged the same offense as was charged by the first Information, as limited by its different bill of particulars, the decision of the district court sub judice became in conflict with the above-cited cases, as discussed above. This is the conflict which gives rise to our jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const.
Respondent would distinguish these cases on the basis that he had prepared his alibi defense for the first trial involving the erroneous Nov. 24 date, in reliance upon the first Information as limited by its bill of particulars which contained the Nov. 24 date, claiming that this variance was of such a nature "as to mislead the accused and embarrass him in the preparation of his defense." CrPR 3.140(o). He points out that this particular feature was not present in the cases for conflict. It makes no difference. The point involved is respondent's claim of the basic materiality of the date involved and not any special defense or particular item of evidence that he intended to rely upon.
Fla. Stat. § 910.11(1) is also asserted by respondent as distinguishing and controlling. He contends that in light of this statute the cases in conflict "cannot be relied upon to overturn the decision of the court below." That statute of course provides that an acquittal shall be a bar to a subsequent prosecution "notwithstanding any defect in the form or circumstances of the indictment, information, or affidavit." Again, however, the statute by its express language is made contingent upon the second information being "for the same offense," which ours was not. The point in the conflict cases and which we have tried to reiterate here is that the respondent is correct in the instances where the offense being prosecuted is indeed "the same offense" at the place and time and with the same parties but where it is an alleged offense at a different time or place or involving different parties, you see, then it cannot be "the same offense," and so, neither the statute nor respondent's asserted distinctions apply here. Neither can we treat as precedent respondent's urging of the dissents of Brennan, Marshall and Douglas, JJ., in Duncan v. Tennessee, 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972). The majority of the U.S. Supreme Court was in accord with the view here expressed.
Accordingly, the decision of the district court is quashed, and the cause remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County with directions to permit the defendant to be tried on the second Information.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and OVERTON, JJ., concur.