MILLS, Judge.
Volkers has filed a suggestion seeking a writ prohibiting the trial court from permitting the further prosecution of him for the sale of marijuana.
Volkers was arrested for the. sale of marijuana to Deputy Grier. Subsequently, an information was filed charging him with the sale of marijuana to a confidential informant. Volkers moved to dismiss the information, because of the danger of double jeopardy. In addition, by motion for a statement of particulars, he sought the name and address of the confidential informant. At the hearing on the motions, the State advised the court that the confidential informant did not relate to the charge against Volkers. Both motions were denied.
The trial commenced. At the conclusion of the State’s case, the court granted a judgment of acquittal in favor of Volkers, because the State proved a sale to Deputy Grier, but not to the confidential informant.
Subsequently, the State filed another information charging Volkers with the sale of marijuana to Deputy Grier. Volkers moved to dismiss this information, because of *378 former case was for the identical offense gave a deposition that the prosecution of the former case was for the indentical offense for which he was now being prosecuted, and that the words “confidential informant” were merely typographical or administrative error. In his deposition, Deputy Grier admitted that his former testimony would be identical in every material aspect, and would involve the same transaction. Vol-kers’ motion was denied and he filed the suggestion for a writ of prohibition.
Under the facts in this case, the court erred in refusing to dismiss the second information on the ground of former jeopardy. When it is made to appear that there was a former prosecution in the same state for the same offense; that the same person was in jeopardy on the first prosecution; that the parties are identical in the same prosecution; and that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar, double jeopardy has been proved. State v. Beamon, 298 So.2d 376 (Fla.1974).
The facts in the case before us are distinguishable from those in State v. Beamon, and State v. Bentley, 81 So.2d 750 (Fla.1955), which the State relies upon. In this case, the defendant was arrested for sale of marijuana to Deputy Grier. Although the State knew or should have known this, it informed against Volkers for a sale to a confidential informant. To compound the error, the State informed the court that the confidential informant did not relate to the charge against Volkers. Nevertheless, the State failed to amend its information, but proceeded to trial where the court correctly directed a judgment of acquittal when the State proved that the sale was made to Deputy Grier, not to a confidential informant. Not only was Volk-ers placed in double j eopardy by the second information, but we cannot permit the gross injustice which would result under the facts of this case by permitting the State to prosecute him a second time.
The suggestion is granted, and the writ of prohibition is issued and made absolute prohibiting further prosecution of Volkers for the sale of marijuana to Deputy Grier on 12 July 1975.
RAWLS, Acting C. J., and McCORD, J., concur.