HUBBART, Judge
(dissenting).
I must respectfully dissent. I would reverse the order under review and remand the cause to the trial court for further proceedings under the authority of State v. Beamon, 298 So.2d 376 (Fla.1974).
In my view, the court herein makes the same error under the same controlling facts as this court made in State v. Beamon, 302 So.2d 208 (Fla. 3d DCA 1973), which decision was subsequently quashed in State v. Beamon, 298 So.2d 376 (Fla.1974). That error is in concluding that the first information as limited by the statement of particulars, upon which a judgment of acquittal was entered on the defendant’s motion, *489 charges “the same offense” which the defendant is presently charged with under the second information, and that, therefore, the defense of double jeopardy is applicable to bar the second information. In point of fact, two different offenses are charged in the above two informations involving materially different times, thereby rendering the defense of double jeopardy ineffective.
In the first information as limited by the statement of particulars, the defendant herein was charged with grand larceny occurring on November 19, 1976, “at approximately 8:00 P.M.” In the second information, the defendant is charged with grand larceny occurring on November 19, 1976, “at dusk, to wit: between 6:00 P.M. — 8:00 P.M.” These two informations as limited by the statement of particulars charge crimes committed at materially different times, and, therefore, an acquittal on the first information cannot bar prosecution on the second information under the defense of double jeopardy. Different offenses, not the same offense, are charged in the two informations.
The defendant urges, however, that the time variance in this case is immaterial, that the crimes charged in both cases are exactly alike, and that the defendant’s acquittal on the first information bars prosecution on the second information under the defense of double jeopardy. I cannot agree. Under established Florida law, the defendant is estopped to make this argument because it is directly contrary to the position he took on his motion for judgment of acquittal a.t trial on the first information.
At the close of the state’s case at the above trial, the defendant moved for a judgment of acquittal on the ground that a material variance existed between the statement of particulars and the state’s evidence as to the exact time of the offense, which variance was directly prejudicial to the defendant’s claim of alibi. The statement of particulars alleged that the exact time of the offense was approximately 8:00 P.M.; the state’s evidence showed that the exact time of the offense was at “dusk” or “at nightfall” which was shortly after 5:30 P.M. as the court judicially noticed. The defendant asserted that he had prepared an alibi defense in reliance on the statement of particulars placing him at approximately 8:00 P.M. on the date in question at a place remote from the scene of the larceny, that he was prejudiced by the state’s evidence which varied from the statement of particulars and established that the exact time of the offense was at “dusk” or “at nightfall”, and that a judgment of acquittal was accordingly in order as to the 8:00 P.M. larceny. The trial court agreed and correctly entered a judgment of acquittal as to the 8:00 P.M. larceny. Indeed, to have denied the motion under these circumstances would have constituted reversible error in view of the defendant’s asserted prejudice as to his alibi defense. Crowell v. State, 238 So.2d 690 (Fla. 3d DCA 1970).
It is clear that the defendant cannot now change his position and claim that the time variance in this cause is of no consequence, that the defendant’s acquittal of the 8:00 P.M. larceny is in effect an acquittal of the “dusk” or “6:00 P.M. — 8:00 P.M.” larceny herein, and that the second information is barred by double jeopardy. The Florida Supreme Court in State v. Beamon, 298 So.2d 376 (Fla.1974), has so held under the same controlling facts.
In Beamon the defendant was charged in a first information as limited by a statement of particulars with a certain crime (robbery) which occurred on a particular date (November 24, 1972). At trial, the state’s evidence established that the crime charged (robbery) occurred on another date (November 26, 1972) which was different from that alleged in the statement of particulars. The defendant moved for judgment of acquittal based on this variance in dates which he asserted was material in the case. It appears that the defendant had prepared an alibi defense for the date alleged in the statement of particulars (November 24, 1972) and was surprised when the state’s evidence at trial did not conform to that exact date. The trial court agreed and correctly entered a judgment of acquittal. Crowell v. State, 238 So.2d 690 (Fla. 3d DCA 1970).
*490 The defendant in Beamon was thereupon charged in the second information as limited by a statement of particulars with the same crime (robbery) allegedly occurring on a different date (November 26, 1972). The defendant moved to dismiss this information on the ground of double jeopardy. He claimed that the date variance in this case was of no consequence after all, that his acquittal on the first information was in effect an acquittal on the second information as the same offense was charged in both, and that the second information was barred by double jeopardy. The trial court agreed and dismissed the information. This court affirmed. State v. Beamon, 302 So.2d 208 (Fla. 3d DCA 1973).
The Florida Supreme Court on certiorari quashed our opinion with directions to per--mit the defendant to be tried on the second information. The Court concluded that the defense of double jeopardy was inapplicable in the case because two different crimes involving materially different dates were charged in the two informations therein involved. The Court stated:
“On appeal, the Third DCA affirmed the judgment, reasoning that the acquittal constituted a bar to subsequent prosecution for the robbery in question and that the State was collaterally estopped as to the second count of the information. We cannot agree.
It is the defendant — not the State— who is estopped. The defendant is es-topped by virtue of his inconsistent positions in first claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the date of the alleged offense he was acquitted of it in the first trial. He cannot carry water on both shoulders. This was made clear by this Court’s reasoning in the case for conflict of State v. Cootner, supra, involving a different ownership of property: (60 So.2d 734, 737) [Emphasis added]
‘The appellee having obtained an instructed verdict of acquittal in the first case on the ground that the ownership of the property was a material allegation and there was a fatal variance between the allegation and the proof, is estopped to now complain on a prosecution of a second information that the same would place him in double jeopardy because the allegation with reference to the ownership of the property was immaterial.’ [Emphasis added]
Sub judice, in entering a judgment of acquittal on the first information, the trial court specifically held that the State was limited in its proof to an offense occurring on Nov. 24, 1972, rather than Nov. 26. This was the very position taken and strongly urged by the respondent as a basis for his acquittal in arguments before the trial court on the first information. Since no proof as to an offense on Nov. 26 was then allowed, the State was not estopped to pursue such Nov. 26 offense by a failure to prove what did not happen on Nov. 24!
sfc # # # * *
We conclude that the respondent’s trial under the first Information placed him in jeopardy only of an offense of robbery, if any, occurring on Nov. 24, 1972; it did not place him in jeopardy nor constitute a collateral estoppel of the alleged offense of robbery occurring on Nov. 26, 1972.
The district court correctly noted that the test to sustain a plea of former jeopardy is that it must be made to appear that (1) there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; and (4) that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); King v. State, 145 Fla. 286, 199 So. 38 (1940). However, the district court erred in applying this test sub judice when it determined that the respondent had previously been acquitted of the offense now charged in the second Information. As we indicated *491 above, the offense charged in the first Information, as limited by the bill of particulars filed there, was not the same offense as that charged in the second Information, as limited by the bill of particulars filed in connection with that Information. The offenses charged by the two Informations, as each was limited by its own bill of particulars, occurred on different dates; the initial Information, as so limited, charged only an offense occurring on Nov. 24, 1972, and the second Information charged an offense occurring on Nov. 26, 1972. Since the offense involved was not a continuing one, the difference in dates clearly renders them two separate and distinct offenses, a fact recognized by the trial judge when he specifically declared respondent ‘not guilty of the crime of robbery on Nov. 24, 1972.’ Accordingly, no double jeopardy and no collateral estoppel are involved in the instant case, and the trial court and district court of appeal erred in holding to the contrary.” 298 So.2d at 378, 380.
Beamon directly controls the instant case. Just as the defendant in Beamon was es-topped from claiming that the date variance between the two informations therein was not material, so the defendant in this case is equally estopped from claiming that the time variance between the two informa-tions herein is not material. In both cases, the defendant asserted the materiality of the variance in his motion for judgment of acquittal at trial on the first information claiming prejudice due to an alibi defense prepared in reliance on the erroneous statement of particulars. In both cases, the defendant cannot now be heard to claim that the variance asserted for obtaining the motion for judgment of acquittal is in fact not a material variance at all. Two different offenses occurring at materially different times are involved in this case, just as two different offenses occurring at materially different dates were involved in the Beamon case. And contrary to the court’s contention in its opinion herein, Beamon cannot be distinguished on the ground it involves materially different dates while the instant case involves materially different times. The principle governing both cases is the same; two different offenses are charged in the two informations in both cases which makes the double jeopardy defense inapplicable.
One final point. Although I realize that perfect justice is not attainable in an imperfect world, it seems clear to me that a preventable injustice has occurred in this case. A defendant has been permitted to escape prosecution by successfully asserting inconsistent positions relative to the materiality of the time variance in this cause. He should not be allowed to avoid trial by this device. To dismiss this case on the ground of double jeopardy is, in my view, contrary to the law and an injustice to the state.