ANSTEAD, Judge,
dissenting:
In my view this case should be reversed under the holdings in State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975) and Hoffman, supra. In Beamon the Supreme Court stated:
Where there is a bill of particulars, and when it specifies only an exact date upon which the offense occurred, the prosecution is limited, if objection be made, to proof of an offense occurring on that date and no other, under that particular Information; .. . the state (may not) remedy an erroneous date specified in the bill of particulars, if there is an objection, by amending it to conform to the evidence adduced after presentation of the evidence.
298 So.2d at 378, 379.
In Hoffman, the holding in Beamon was modified to the extent that the state may now be allowed to amend if the state can demonstrate a lack of prejudice to the defendant. In this case the state wholly failed to demonstrate such a lack of prejudice. To the contrary, prejudice affirmatively appears on the face of the record.
This was a prosecution for forgery. In both the information and a bill of particulars the state specified the date of the offense to be a time that later turned out to be in error by one week. In his opening statement at trial counsel for the defendant told the jury that his sole defense was that the state would be unable to prove the date specified in the information and bill of particulars and that the defense would be able to affirmatively establish that any checks involved were passed on an entirely different date. In a phrase, the defense put all its eggs in one basket, relying on the state’s inability to prove the critical date. Subsequently, the state called a number of witnesses, and sure enough, it turned out that indeed the state had gotten the date wrong. However, the state did not move to amend the information and bill of particulars until it had presented virtually all of the evidence it had as to the date of the offense. At that time it finally dawned on the state that it had made a serious mistake. The trial court, noting that the defendant had obviously known the true date all along, allowed the state, over the strenuous objection of the defendant, to amend its information and bill of particulars. In essence, the state was allowed to allege one date in an information and bill of particulars, and then, after proving a different date, was allowed to amend the date to conform to the evidence. And the defendant, having in essence already advised six jurors that his only defense would be the state’s inability to prove the date specified, was sent back out to face those same six jurors, his “defense” now obviously in shreds. The natural result was that he was convicted.
Now, it may be quite true that the defendant deserves conviction since the state proved its case and the defendant is not here claiming that the evidence was insufficient. But, the process by which the state secures a conviction must be fair, and in my view allowing the state to proceed on an amended information and bill of particulars in this case was totally unfair. The law is absolutely clear that a defendant is entitled to an acquittal if the state fails to prove the date of the offense set out in a bill of particulars. State v. Beamon, supra. The jury is given a specific legal instruction on this point. See Florida Standard Jury Instructions in Criminal Cases, Second Edition, General Instruction 2.09. However, after such an acquittal the state is free to retry the defendant on an information alleging the correct date. State v. Beamon, supra.
In Hoffman v. State, supra, it was held that the state may be permitted to amend *546 the information and bill of particulars, if the state can affirmatively demonstrate that the defense would not be prejudiced thereby.[1] Factually, in Hoffman, the mistake as to the date was only one day, the state sought to amend before evidence was presented, and it was demonstrated that the defendant had not predicated his defense on the mistake. That picture is a far cry from the one presented here where the mistake as to the date was substantial, the state had put on virtually all of its evidence (as to the date) and the defendant relied on the state’s mistake for his sole defense, as he was entitled to do under Beamon, supra. I cannot imagine any greater prejudice than forcing the defendant to go back out and face the same jury stripped of the only defense he has claimed at trial. I would reverse, not to direct appellant’s acquittal, but rather to order that there be a new, and fair, trial before a new jury.

. In support of this conclusion, the Supreme Court cited our prior decision in Howlett v. State, 260 So.2d 878 (Fla. 4th DCA 1972), stating “Howlett and now Hoffman hold that a statement of particulars can be amended if such amendment will not prejudice the defend-' ant.” Hoffman v. State, supra. Actually, in Howlett, it was alleged in both the information and the statement of particulars that the crime in question occurred on January 11, 1970, or shortly thereafter, but at trial it was established that the crime had occurred on January 6. However, at no time did the state move to amend either the information or the statement of particulars to reflect the correct date. This court nonetheless upheld Howlett’s conviction reasoning that the defendant suffered no prejudice since his defense was not based upon “alibi nor any other theory in which the time element might have been an important part.” 260 So.2d 880.