ANSTEAD, Judge.
Appellee Loretta Shaw was charged by information with the delivery of methaqua-lone, commonly known as quaaludes, to Detective David Ecklund. At trial the state proved that the methaqualone was actually delivered to Officer Robert Gren. Alleging that the variance between the offense charged and proved was material, appellee moved for a judgment of acquittal at the conclusion of the state’s case and at the conclusion of her own defense. The latter motion was granted and appellee was discharged.
The state then filed a second information, charging appellee with the delivery of methaqualone to Officer Gren. Appellee filed a motion to dismiss, arguing in essence that she had been placed in jeopardy for the same offense at the first trial and that a second trial would consequently constitute double jeopardy. Appellee’s motion was granted and the state’s appeal followed.
In State v. Katz, 402 So.2d 1184 (Fla.1981) our Supreme Court, in overturning two separate decisions of the Third District Court of Appeal, held that the defendants, who had obtained judgments of acquittal on grounds of material variances as to the time of an alleged grand larceny and the make and year of a vehicle allegedly burglarized, respectively, could still be retried:
Florida’s test for determining whether successive prosecutions impermissibly involved the same offense is based upon the sufficiency of the allegations in the second information with regard to a conviction of the offense charged in the first. If the facts alleged in the second information, taken as true, would have supported a conviction of the offense charged in the prior information, the offenses are the same and the second prosecution is barred. Bizzell v. State, 71 So.2d 735 (Fla.1954). Id. at 1186.
In State v. Beamon, 298 So.2d 376 (Fla.1974), it was held that the defendant, who had obtained a judgment of acquittal at his first trial because the state proved that the alleged offense had occurred two days later than charged in the bill of particulars, was estopped from asserting a double jeopardy *94 defense in a properly-charged retrial based on the same incident. In language which is pertinent here, the court reasoned:
It is the defendant — not the State — who is estopped. The defendant is estopped by virtue of his inconsistent positions in first claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the date of the alleged offense he was acquitted of it in the first trial. He cannot carry water on both shoulders.
298 So.2d 376, at 378. Parallel results had earlier been reached in State v. Bentley, 81 So.2d 750 (Fla.1955) regarding a material variance as to the gender of an animal allegedly stolen, and in State v. Cootner, 60 So.2d 734 (Fla.1952) regarding a material variance as to the ownership of property allegedly burned. See generally Hoffman v. State, 397 So.2d 288 (Fla.1981) and Stang v. State, 403 So.2d 542 (Fla. 4th DCA 1981).
In a similar context, our Supreme Court stated that “[a] material variance between the name (of the murder victim) alleged (in the information) and that proved” (at trial) would be “fatal” to any murder conviction. Raulerson v. State, 358 So.2d 826, at 830 (Fla.1978), cert. denied 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978). See also pp. 12-13 and pp. 219-220 of Florida Standard Jury Instructions in Criminal Cases (1981) (Instruction 2.03 and Instruction on Drug Abuse — Sale, Manufacture, Delivery, or Possession with Intent, Section 893.13(l)(a), Florida Statutes (1981)).
Here, quite clearly, the facts as alleged in the second information — that appellee had delivered methaqualone to Officer Gren— would not have supported a conviction of the offense charged in the first information — that appellee had delivered metha-qualone to Detective Ecklund. Thus, the lower court’s dismissal of the second information was reversible error, and we remand the cause for trial.
The only case which even colorably lends support to appellee’s position is State ex rel. Volkers v. Blount, 336 So.2d 377 (Fla. 1st DCA 1976), cert. denied 341 So.2d 1079 (Fla.1976). In Volkers, defendant was arrested for selling marijuana to a Deputy Grier, but was charged by information with selling marijuana to a confidential informant. At trial, the state proved that defendant had sold the marijuana to Deputy Grier. The trial court granted defendant’s motion for a judgment of acquittal at the conclusion of the state’s case. The state then filed a second information charging defendant with selling marijuana to Deputy Grier. The First District Court of Appeal issued a writ of prohibition as to the attempted retrial. Although the court did find that a retrial would constitute double jeopardy, it appears that its primary motivation in prohibiting a retrial was its conclusion that the material variance had been the product of bad faith by the state and that a second trial would constitute a “gross injustice.” Volkers at 378. Volkers is distinguishable from the present case in that no bad faith is alleged here. In any event, on the double jeopardy issue, we believe that Volkers is contrary to the law as stated in Katz.
For the reasons stated, we reverse the lower court’s dismissal of the second information and remand this cause for trial.
BERANEK, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.