DAUKSCH, Judge.
Petitioner, Wayne Stanley, seeks certiorari-review of an order entered by the circuit court in its appellate capacity. We have jurisdiction. See Rule 9.030(b)(2)(B), Florida Rules of Appellate Procedure.
Stanley was involved in a motor vehicle accident on February 6, 1993, and thereafter received a traffic citation for driving under the influence. The citation erroneously referred to May 10, 1993, as the offense date.
*20 Defense counsel pursuant to Florida Rule of Criminal Procedure 3.140(n) moved for a statement of particulars specifying the exact place, date, and time of the commission of the offense. Stanley was provided with police, accident, and lab reports, all showing February 6, 1993 as the date of the accident. The prosecutor also submitted a written response to Stanley’s discovery motions and demanded notice of alibi, stating that the charged offense occurred on February 6,1993.
A jury was selected and sworn in county court to try Stanley on the DUI charge. The court was apprised before trial that the citation contained the wrong offense date. The court announced, however, that defense counsel had not made a sufficient showing of actual prejudice to justify dismissal of the charge, and ruled that the investigating officer could amend his citation when he testified at trial. Defense counsel then asked the court what would happen if he moved for a mistrial because of the amendment to the citation. The court suggested that a motion for mistrial would be granted if sought by the defense. Defense counsel at that point moved for a mistrial. The court gave the prosecutor an opportunity to be heard, and the prosecutor responded by announcing a nol pros. The court then stated that it was starting all over, and everything requested would be withdrawn. The court announced it would allow the officer to amend the citation at trial. The court then asked if the state was ready to proceed to trial. The prosecutor stated for a second time that he would nol pros the traffic citation. The state thereafter filed a written nol pros indicating that the charge it was nol prossing was the citation reflecting the date of May 10, 1993.
The state later filed an information against Stanley charging him with driving under the influence on February 6, 1993. Defense counsel filed a motion to dismiss on double jeopardy grounds, which the county court granted. The state appealed and the circuit court, sitting in its appellate capacity, reversed and remanded. The state argued on appeal that the offense charged in the citation was different from the offense charged in the information. The state also argued that Stanley was estopped from claiming double jeopardy, since he made an issue out of the erroneous date in the citation. The circuit court determined that since the citation was not amended to reflect the proper date prior to the nol pros, the offense that was nol prossed would not constitute the same offense as that subsequently charged by information.
Jeopardy attached once the jury was sworn to try Stanley for the DUI offense. See generally, Fassi v. State, 591 So.2d 977 (Fla. 5th DCA 1991). The state was prepared to prove that Stanley was guilty of a DUI on February 6, 1993, regardless of the wrong date in the citation. The offense charged was the same in both prosecutions.
It appears that defense counsel’s claim of prejudice was merely a tactical ploy, since the documents provided to the defense in discovery all established the correct date of the offense. Nevertheless, Stanley’s double jeopardy rights were not waived at any point in the first prosecution. The state had ample time before trial to realize the defect in the citation, and could have nol prossed the citation before trial. However the constitutional prohibition against double jeopardy prevents the state from nol prossing and refiling a criminal charge after a jury has been sworn. See State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981).
Although the circuit court opinion did not rely on an estoppel theory in reversing the county court, we must discuss that issue to show that our holding is not in conflict with State v. Beamon, 298 So.2d 376 (Fla. 1974), qualified by, Hoffman v. State, 397 So.2d 288 (Fla.1981), as stated in, Stang v. State, 421 So.2d 147 (Fla.1982). In Beamon, a motion for judgment of acquittal was granted, because the date of the criminal offense alleged in the information and established by the proof at trial materially varied from the date of offense alleged in the statement of particulars. A second prosecution followed, and this time the statement of particulars contained the correct date. Defendant moved to dismiss on double jeopardy grounds. Both the trial court and district court of appeal held that the double jeopardy clause would bar the second prosecution. *21 The supreme court disagreed, and held that defendant was estopped from arguing double jeopardy, since he had previously moved for and obtained a judgment of acquittal based on the materiality of the date alleged in the statement of particulars. In the case before us, though, the state’s written response to Stanley’s discovery motions corrected the erroneous date in the citation. Furthermore, the charge was not dismissed, and there was no judgment of acquittal granted. The court simply indicated its intent to allow an amendment to the citation. The prosecutor unilaterally announced a nol pros. The state must accept responsibility for the nol pros and its consequences.
This case is also distinguishable from Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980), where the state nol prossed an information after the court denied a motion to amend. Upon filing a new information, defendant unsuccessfully moved to dismiss on double jeopardy grounds. Relying on Beamon, the appellate court held that defendant was estopped from arguing double jeopardy since he had objected to the motion to amend. In the case at bar, the county court ruled that the state would be allowed to amend the citation at trial. The defense objection to the proposed amendment was unsuccessful. It would be stretching the es-toppel doctrine to hold defendant responsible for the nol pros in this case, as the prosecutor first announced the nol pros while the motion for mistrial was pending and before a ruling was made. If the prosecutor was concerned about the consequences of a mistrial, he should have objected to the motion. When the court gave the prosecutor a second chance and asked if he was ready to proceed to trial, he stated once again that he was nol prossing the citation.
The circuit court placed undue emphasis on the fact that the nol pros was announced prior to any amendment of the citation. The paramount factors are that the nol pros was announced after the jury had been sworn, after the written response and other documents submitted by the state during discovery corrected the erroneous date in the citation, and after the court had ruled that the charge would not be dismissed notwithstanding the acknowledged defect in the citation. Jeopardy therefore attached and. Stanley cannot be subjected to another prosecution based on the same offense. The circuit court misapplied the law regarding this important constitutional right, thereby justifying certiorari review. See generally Fieselman v. State, 566 So.2d 768 (Fla.1990). We quash the circuit court decision, and remand the case for proceedings consistent with this opinion.
PETITION GRANTED; CIRCUIT COURT DECISION QUASHED.
W. SHARP and THOMPSON, JJ., concur.