362 So.2d 427 (1978)
In the Interest of E.M., a Child.
No. 77-2601.
District Court of Appeal of Florida, Fourth District.
August 30, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Victor O. Mead, Asst. Public Defender, Orlando, for appellee.
MOORE, Judge.
In this appeal by the state we are called upon to decide the effect of the filing of an amended petition for delinquency more than thirty days from the date the original complaint was referred to the intake office.
A timely complaint alleging burglary of a structure and trespass was filed on September 21, 1977 with the Division of Youth Services. Thereafter, and within the time prescribed by statute and rule, a petition *428 alleging delinquency by reason of trespass was filed with the court. On October 24, 1977, more than thirty days subsequent to the filing of the complaint, an amended petition alleging delinquency on the basis of the burglary was filed with the court. The trespass and burglary are both based upon the same factual situation. Respondent successfully argued before the trial court that the filing of an amended petition acted to vitiate the original petition, and since the amended petition was filed more than thirty days subsequent to the filing of the complaint it should be dismissed with prejudice pursuant to Rule 8.110(e), Fla.R.Juv.P. (1977). We disagree with the ruling of the trial court and reverse.
In our opinion, this case is controlled by Rule 8.110(c) which provides:
"At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party."
In the case sub judice no motion for continuance was requested nor was there any showing that the amended petition prejudiced or materially affected the respondent. It is true, as suggested by respondent, that the crime of trespass (a misdemeanor) is different from the crime of burglary (a felony). Unlike criminal law, however, the petition in juvenile proceedings merely alleges an act of delinquency and although it is necessary to prove the substantive behavior, the final result is an adjudication of delinquency and not conviction of a crime.
Respondent relies upon Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971), a decision of this Court involving the filing of an amended information which was subsequently withdrawn. We find the Wilcox case factually distinguishable, not only because it was a criminal case but also because the amended information was withdrawn and the state attempted to prosecute the defendant on the original information.
As the filing of an amended petition is permissible at any time prior to the adjudicatory hearing pursuant to Fla.R.Juv.P. 8.110(c), the trial court's dismissal of the petition in this case must be and is reversed with instructions to reinstate the amended petition for further proceedings pursuant thereto.
REVERSED and REMANDED.
ANSTEAD and DAUKSCH, JJ., concur.