385 So.2d 1122 (1980)
Gregory Dean BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. MM-352.
District Court of Appeal of Florida, First District.
June 25, 1980.
Rehearing Denied July 28, 1980.
Michael J. Minerva, Public Defender, and Thomas S. Keith, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Doris E. Jenkins, Asst. Atty. Gen., for appellee.
*1123 PER CURIAM.
Bradley appeals his judgment of conviction for sexual battery and sentence of fifteen years, alleging that the trial court erred in failing to dismiss with prejudice an amended petition because it was not filed within thirty days from the date the complaint was referred to the intake office as required by section 39.05(7), Florida Statutes (1977) and, secondly, in failing to classify appellant as a youthful offender under the guidelines of section 958.04(2), Florida Statutes (Supp. 1978). We affirm both points.
Before the case was transferred for adult prosecution, an original, timely petition was filed which did not allege an element of the charge. Pursuant to an amended petition filed beyond the thirty-day period, the state cured the deficiency. We conclude that the petition was properly amended under Fla.R.Juv.P. 8.110(c). The petition was not "so vague, indistinct, and indefinite as to mislead the child, his parent(s), or custodian(s) and prejudice him (them) in the preparation of his (their) defense" so as to require dismissal under Rule 8.110(d). Rather, the petition was substantially complete and recited the correct statutory citation. Further, the amendment was made long before any hearing on the merits of the petition. See In the Interest of E.M., 362 So.2d 427 (Fla. 4th DCA 1978). Compare T.R. v. State, 364 So.2d 100, 102 (Fla. 1st DCA 1978).
As to the second point, sentencing Bradley under the Youthful Offender Act would be an impermissible retroactive application of the Act. Art. X, § 9, Fla. Const.; State v. Pizarro, rev'd on rehearing, 383 So.2d 762 (Fla. 4th DCA 1980); Allen v. State, 383 So.2d 674 (Fla. 5th DCA 1980). See also, Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974), aff'd, 330 So.2d 10 (Fla. 1976); Washington v. Dowling, 92 Fla. 601, 109 So. 588 (1926); Sing v. State, 115 So.2d 773 (Fla. 1st DCA 1959), appeal dismissed, 129 So.2d 138 (Fla. 1961), cert. denied, 366 U.S. 964, 81 S.Ct. 1924, 6 L.Ed.2d 1255 (1961).
AFFIRMED.
MILLS, C.J., and McCORD and BOOTH, JJ., concur.