PER CURIAM.
This is an appeal from the order of the trial court dismissing the state’s petition for delinquency charging appellee with aggravated assault and with improper exhibition of a firearm.
The trial court apparently dismissed the petition on the grounds that it was not filed within forty-five days from the filing of the complaint as required by Florida Rule of Juvenile Procedure 8.110(e), and because the complaint was not filed with the Clerk of the Circuit Court within one week as required by section 39.03(5), Florida Statutes (1981). We reverse.
According to the record, a complaint alleging possible charges against appellee was sworn to by a private citizen on Febru *374 ary 8,1982. Appellee alleges, although it is not clear in the record, that the citizen-filed complaint was referred to the Department of Health and Rehabilitative Services on March 30, 1982. The record does indicate that the sworn-to complaint was filed with the Clerk of the Circuit Court on April 30, 1982. The Department of Health and Rehabilitative Services recommended to the state attorney that appellee be charged. That recommendation was filed on April 30, 1982. The petition charging appellee with delinquent acts was also filed on April 30, 1982.
According to the record, it appears that eighty-one days transpired between February 8, 1982, the date the initial complaint was sworn to by the citizen, and April 30, 1982, the date the sworn complaint was filed with the Clerk of the Circuit Court.
We find that neither sections 39.03 and 39.04, Florida Statutes (1981), nor Florida Rule of Juvenile Procedure 8.110(e) dictate a time for the state’s referral of an initial complaint to the Department of Health and Rehabilitative Services when the complaint is filed by a private citizen. Therefore, appellee’s assertion that a “copy of the sworn complaint ... shall be filed ... within 1 week ... after the complaint is made” is erroneous as such language concerns complaints made by a law enforcement agency and not by a private citizen. § 39.03(5)(a), Fla.Stat. (1981).
A private citizen may make a complaint pursuant to section 39.04, Florida Statutes (1981). However, detention and/or custody are required for the tolling of time periods according to that statute. Since appellee admitted that he was never taken into custody or detained concerning the instant charges or any charge involving the same criminal episode, section 39.04 is inapplicable and will not support appellee’s claim.
We are of the opinion that complaints filed by citizens alleging that a child has committed a delinquent act do not operate to commence the tolling of any statutory time periods, unless that child has been detained or taken into custody pursuant to that specific complaint or one involving the same criminal episode. To require more would be impractical as many citizen-filed complaints, unlike complaints filed by law enforcement agencies, require further time for investigation by appropriate law enforcement agencies for the determination of correctness, supporting facts, jurisdiction, completeness, consultation, and other factors as to whether a charge is justified. Since neither the statutes nor the rules prescribe a time limit, we cannot impose a precise time in which such prerequisites are to be completed when a private citizen files a complaint, unless the complaining party can demonstrate prejudice by reason of the alleged late filing. State v. L.H., 392 So.2d 294 (Fla. 2d DCA 1980).
Accordingly, the order appealed from is REVERSED and the cause is REMANDED for proceedings consistent with this opinion.
OTT, C.J., and DANAHY and CAMPBELL, JJ., concur.