SCHOONOVER, Acting Chief Judge.
The state appeals an order dismissing two juvenile charges filed against T.A., the appellee. We affirm.
On November 27, 1986, the appellee was arrested for the commission of several delinquent acts. On January 6, 1987, the state filed two petitions for delinquency. One of the petitions alleged that the appel-lee committed burglary of a conveyance in violation of section 810.02(3), Florida Statutes (1985), and the other petition alleged that he committed petit theft in violation of section 812.014(2)(c), Florida Statutes (1985). Both petitions alleged that the property involved was owned by Steven Gee, but neither petition described the property in any other manner.
On February 10, 1987, shortly before the scheduled date of the appellee’s adjudicatory hearing, the state filed two amended petitions against the appellee. The amended petitions were identical to the original petitions in all respects except they alleged that the property involved belonged to Kathryn Duncan rather than Steven Gee.
The appellee moved to dismiss the amended petitions. He contended they alleged different delinquent acts and should be dismissed with prejudice pursuant to section 39.05(6), Florida Statutes (1985), because they were not filed within forty-five days of the date he was taken into custody. At the hearing on the motion to dismiss, the appellee’s attorney informed the juvenile court that the police reports illustrated that the victim named in the amended petitions lived at a different address than the victim named in the original petitions and also revealed that different property had been taken from the respective victims. The juvenile court granted the appellee’s motion and entered an order dismissing the amended petitions. This timely appeal followed.
Under section 39-05(6), a petition alleging delinquency must be dismissed with prejudice, on motion by or in behalf of a child, if it was not filed within forty-five days from the date the child was taken into *975 custody. The state contends that the amended petitions were timely filed under section 39.05(6) because they constituted a continuation of the same prosecutions initiated by the original petitions. We disagree.
The police reports discussed at the motion hearing have not been made a part of the appellate record. It is, therefore, clear that we cannot consider their contents. Although the appellant’s attorney, an officer of the court subject to disciplinary action for deceiving a judge by a false statement, informed the court of the contents of said reports, it is fundamental that such representations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence. Sloan v. Sloan, 393 So.2d 642 (Fla. 4th DCA 1981). See also, Houck v. State, 421 So.2d 1113 (Fla. 1st DCA 1982).
Despite our inability to consider the attorney’s representations regarding the police reports, it is nevertheless apparent that the original petitions and the amended petitions do not allege identical crimes committed at identical times and places. Both the original and amended petitions allege that the appellee committed the offenses of pet-it theft and burglary of a conveyance. These offenses are crimes against property, not crimes against the person. The names of the property owners are not part of an offense involving stolen property, but are included in the charging document primarily as a means of describing or identifying the property and to show ownership in a person or persons other than the accused. See Gaynor v. State, 196 So.2d 19 (Fla. 4th DCA), cert. denied, 201 So.2d 894 (Fla.1967). See also, Ross v. State, 226 So.2d 464 (Fla. 3d DCA 1969). Thus, if the original petitions in this case had, in addition to naming the victims, set forth property descriptions sufficient to allow proof at trial that the same property was the subject of the amended charges, the changing of the victim’s name would constitute a continuation of the same prosecution, see, e.g., Rubin v. State, 390 So.2d 322 (Fla.1980), and would not have prejudiced the appellee in preparing his defense. See State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984).
Instead of alleging a specific description of the property, however, the state merely referred to it by naming the owner. The original petition alleged that the appellee committed burglary of a conveyance which was the property of Steven Gee and petit theft of the property of Steven Gee. The amended petitions allege that the appellee committed burglary of a conveyance which was the property of Kathryn Duncan and petit theft of the property of Kathryn Duncan. Since the property owner’s name was the only description of the subject property contained in the petitions, the face of the charging documents establish that the original and amended petitions alleged different delinquent acts involving separate and distinct items of property, first Steven Gee’s property and then Kathryn Duncan’s property. The name changes, therefore, did not amount to the correction of “a minor inaccuracy” as in Rubin. Rather, the amended petitions reflected substantial changes which resulted in new allegations of entirely different charges. See Johnston v. State, 283 So.2d 120 (Fla. 1st DCA 1973) (where defendant was charged with uttering worthless check, amended information containing new description of subject check alleged different criminal act, and should have been dismissed for failure to comply with statute of limitations).
Although the state relies upon L.G.R. v. State, 485 So.2d 13 (Fla. 3d DCA 1986), that case does not disclose the nature of the charge against the accused. Moreover, if the accused in L.G.R. was charged with a crime against property, the opinion does not indicate whether the charging document sufficiently described the property involved. Without these critical facts, we cannot determine whether the change of the victim’s name resulted in completely different charges, or whether the change would prejudice the accused in the preparation of his offense. We, therefore, cannot agree or disagree with the holding in L.G.R.
In light of the foregoing, the amended petitions did not constitute a continuation *976 of the original prosecution. Since the amended petitions actually alleged new charges and were filed outside of the forty-five day period described in section 39.-05(6), we find that the juvenile court properly dismissed the amended petitions. T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978); J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983). See also, Rubin; Johnston.
Affirmed.
LEHAN and FRANK, JJ., concur.