PARKER, Judge.
The State of Florida appeals the trial court’s dismissal of a second amended petition of delinquency filed by the state against appellee, M.M. The dismissal was based upon the state’s failure to comply with the time provisions of section 39.05(6), Florida Statutes (1987).[1]
M.M. was taken into custody on March 16, 1989. On March 22, 1989, a petition was filed alleging M.M. to be a delinquent child in that he committed the adult offense of being a principal to sexual battery in violation of sections 777.011, 794.011(3), and 794.023, Florida Statutes (1987). On May 1, 1989, the trial court denied a state motion to consolidate M.M.’s case with that *218 of a coperpetrator of the crimes, J.D. The state then amended the original petition on May 8, 1989. The amended petition alleged charges against J.D., as a coperpetrator of the crimes with M.M., and alleged two additional counts against M.M. for kidnapping (count II) and aggravated assault (count III). Thereafter, on May 19, 1989, the state filed a second amended petition, alleging M.M. to be delinquent based upon the following counts: Count I, Principal to Lewd, Lascivious or Indecent Assault or Act Upon a Child; Count II, Kidnapping; Count III, Aggravated Assault. In each of these petitions, the date and the name of the victim are the same.
M.M. filed motions to dismiss the amended and second amended petitions for failure of the state to comply with the time limitations set. out in section 39.05(6). The trial judge entered an order granting M.M.’s motion to dismiss the second amended petition with prejudice.
The question this court must resolve is whether or not these amended petitions, which were filed beyond the forty-five day period permitted by section 39.05(6), constitute a continuation of the original prosecution initiated when M.M. was taken into custody and the first delinquency petition was filed. For the reasons which follow, we find that the two amended petitions indeed were continuations of the initial petition and that the trial court’s dismissal of those petitions was error.
The forty-five day “window period” in which the state is permitted to prosecute the juvenile after the juvenile has been taken into custody provides the juvenile with a substantive right under the statute which supersedes procedural rules. S.R. v. State, 346 So.2d 1018 (Fla.1977).[2] It is the act of detaining or taking the child into custody involving the same criminal episode that commences the statutory forty-five day period. State v. K.E.S., 427 So.2d 373 (Fla. 2d DCA 1983). Amendments to a petition of delinquency beyond the forty-five day period, however, are permitted at any time before the adjudicatory hearing. Florida Rule of Juvenile Procedure 8.110(c) contemplates amendments to a petition and provides that:
At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
Fla.R.Juv.P. 8.110(c) (emphasis added).
The first district has concluded that an amended petition filed outside the section 39.05(6) “window period” which changes the victim’s name from William Klein to David Klein was a “fatal misallegation” because it misled the defendant in the preparation of his defense. J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983). However, that same court permitted an amended petition outside the “window” to cure a petition which failed to list an element of the charge. In so doing, the court noted that the original petition was substantially complete and was not so vague or indistinct as to mislead the child or his custodians, and the amendment did not prejudice the child in the preparation of a defense. Bradley v. State, 385 So.2d 1122 (Fla. 1st DCA), review denied, 392 So.2d 1372 (Fla.1980).
The fourth district in In the Interest of E.M., 362 So.2d 427 (Fla. 4th DCA 1978) also permitted an amendment to the petition outside of the “window” where the original charge was trespass, and the amended petition alleged trespass and burglary. The court noted that the amended charges arose from the same factual situation and that there was no showing that *219 the respondent was prejudiced or materially affected by the change.
In State v. T.A., 528 So.2d 974 (Fla. 2d DCA 1988), which M.M. argues is precisely on point, this court affirmed the dismissal of two amended petitions filed beyond the forty-five day “window.” However, that case involved crimes against property, and the amended petitions not only alleged different victims but also alleged different delinquent acts involving separate and distinct items of property.
The logical rule to follow in cases involving the effect of amended charges upon limitation statutes was set out by our supreme court in Rubin v. State, 390 So.2d 322 (Fla.1980). In Rubin, a subsequently filed information stated “Refile of Case No. 77-4257,” which was the same number assigned to the original information, alleged crimes identical to those charged in the initial information, and corrected a minor inaccuracy in the victim’s corporate title. The supreme court held that the filing of the initial information tolled the statute of limitations period and that the second information fell within that period, because it did not commence a new and distinct prosecution.
Applying Rubin to this case, from the time the state filed the original petition against M.M. through the filing of the second amended petition, the state consistently has alleged that M.M. committed a sexual offense upon the same victim on the same date. The amended petition added a codefendant, of which M.M. had to be aware, by reason of the state’s motion to consolidate the two codefendant’s cases. Although in the amended petitions count I was reduced to a lewd and lascivious charge and the charges against M.M. of kidnapping and aggravated assault were added, it is undisputed that the alleged victim and the date of the delinquent acts have remained the same from the outset, with all charges arising from the same factual incident. Further, the state, by styling the petitions as “Amended Petition” and “Second Amended Petition,” has complied with Rubin and alerted M.M. that these petitions do not establish a new and distinct prosecution. With these amendments occurring early in the ease and before an adjudicatory hearing, M.M. cannot claim surprise or prejudice in the preparation of his defense.
Reversed and remanded to the trial court with directions to reinstate the second amended petition against M.M.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.

. Section 39.05(6) states:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.
§ 39.05(6), Fla.Stat. (1987).

. This case concerned an earlier version of section 39.05(6) — section 39.05(7), Florida Statutes (1975) — which provided:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 30 days from the date the complaint was referred to the intake office.
§ 39.05(7), Fla.Stat. (1975).