SHARP, W., Judge.
The state appeals the lower court’s order which granted R.L.K.’s motion to dismiss count II of a second amended petition alleging R.L.K. to be a delinquent. We reverse.
R.L.K. was taken into custody on August 12, 1989, and on August 21, 1989, the state charged him with one count of disorderly intoxication.[1] On August 24, 1989, the state filed an amended petition which corrected the date of the offense. On October 2, 1989, some 50 days after R.L.K. had been taken into custody, the state filed a second amended petition which contained the second count, disorderly conduct.[2]
Section 39.05(6) requires that a petition alleging delinquency be filed within 45 days from the date the juvenile is taken into custody, or the petition “shall” be dismissed with prejudice. R.L.K. brought a motion to dismiss based on the foregoing, alleging the second amended petition was filed outside this 45-day window period. The trial court granted the motion with respect to count II, finding that although the second count arose out of the same circumstances as the first count, the offenses were substantively different.
Where a count is added to a petition outside the 45-day window period and arises out of the same circumstances, dismissal is improper. State v. M.M., 557 So.2d 217 (Fla. 2d DCA 1990); In the Interest of E.M., 362 So.2d 427 (Fla. 4th DCA 1990).[3] Florida Rule of Juvenile Procedure 8.110(c) provides that amendments may be made to petitions at any time prior to the adjudicatory hearing and that such amendments should be freely given. In the event the defense is prejudiced or surprised, a continuance should be sought. Id. However, no continuance was requested in this case.
We hold that the second count (though substantive in nature) constituted an amendment under the rules of procedure, and not a new offense committed under different circumstances. Accordingly, the order being appealed is
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.

. § 856.011, Fla.Stat. (1989).

. § 877.03, Fla.Stat. (1989).

. We reject R.L.K.’s argument that an affirmance is required based on State v. T.A., 528 So.2d 974 (Fla. 2d DCA 1988). T.A. is distinguishable because the petitions there reflected both a change in the name of the owner of certain property taken, and the address and location of the property taken. Thus, the amended count there could not be said to have arisen out of the same circumstances.