WENTWORTH, Judge.
Appellant B.T. seeks review of an order adjudicating him delinquent and placing *102 him on community control. We affirm, finding that the trial court did not violate section 39.05(6), Florida Statutes,[1] in allowing the state to amend the delinquency petition.
This case involves the commission of a sexual battery by appellant, age 15, on his 22-year-old mentally handicapped cousin. Appellant was taken into custody several hours thereafter on September 8, 1989, on a probable cause affidavit charging him with
“sexual battery — victim mentally defective.” The original petition for delinquency was filed on September 26, 1989, as follows:
[Appellant] is a delinquent child ... in that the above juvenile ... did unlawfully commit a sexual battery upon [the victim] ... without the victim’s consent, and the defendant used physical force and violence not likely to cause serious personal injury, contrary to section 79j.011(5), Florida Statutes, a second degree felony, (e.s.)[2]
The state filed an amended petition for delinquency on November 30, 1989, which was captioned “Sexual Battery with Victim Mentally Defective.” The body of the charge, however, was set forth as follows:
[Appellant] is a delinquent child ... in that the above juvenile ... did unlawfully commit a sexual battery upon [the victim] ... without the victim’s consent, while the victim was physically helpless to resist, contrary to section 79j.011(j), Florida Statutes, a first degree felony, (e.s.)
The case proceeded to adjudicatory hearing on May 1, 1990, when the state informed the court that even though the amended petition was captioned “Sexual Battery of a Victim Mentally Defective,” the body of the petition recited the language of the statute dealing with sexual battery on a victim while the victim is physically helpless to resist. The court *103 permitted the state to file the second amended petition conforming the language.
The victim of the crime testified she and appellant were walking home together on the night in question. Along the way they passed an abandoned house and appellant (her cousin) directed her inside. Although the victim protested, appellant directed her to remove her clothing. Although she continued to refuse, appellant forced himself onto her and raped her, leaving her bleeding. Afterwards, the victim and appellant left, the victim returned home, reported the offense, and went to the hospital emergency room. The appellant was then arrested. According to the victim, her cousin has known her for a long time, and was aware for many years that she attended a special school because of her mental handicap.
The detective with the Leon County Sheriffs Department who interviewed the appellant after his arrest testified. Appellant at that time stated that he had consensual sex with the victim at the location indicated. Appellant admitted that he was aware of his cousin’s mental deficiency but insisted that she had consented to the intercourse anyway.
A school psychologist with a specialty in mental retardation testified that the victim is mentally handicapped with the mental capability of a six-year-old. And, according to the victim’s psychiatrist, the victim is “at least” mildly retarded with an inability to give legal consent to sexual intercourse. The psychiatrist testified that since he began treating the victim in May 1988, she has been on medication for an ongoing psychotic problem (bipolar disorder).
We are referred to no decision of this court which directly resolves the issue of whether the corrections involved here are of such magnitude as to constitute the filing of a new petition, or whether they are permissible amendments to the original.[3] An opinion relied on by the trial court, however, indicates the test to be used in making such a determination. Bradley v. State, 385 So.2d 1122 (Fla. 1st DCA 1980). This court there found a petition was properly amended under Rule 8.110(c) where the amendment, filed after the statutory time period, added an element of the charge against the defendant that had been omitted from the original timely-filed petition. We applied Rule 8.110(d) to its analysis, and determined that the original petition was not so vague, indistinct, and indefinite as to mislead the child or prejudice him in the preparation of his defense because it was “substantially complete.” Id. at 1123.
The original delinquency petition filed against appellant, above quoted, charged him with sexual battery “without the victim’s consent ... contrary to section 794.-011(5), Florida Statutes, a second degree felony.” (e.s.) The amendment dealt with a change in the cited subsection from 794.-011(5) to 794.011(4), without further specification among the separate paragraphs of that subsection. The amendment was captioned “Sexual battery — victim mentally defective,” an offense under section 794.-011(4)(e), but the body of the amendment (later corrected) actually recited the statutory language of the offense involving physical force described under section 794.-011(4)(a).[4] The amendment had the effect *104 of charging appellant with a felony of a higher degree than the original petition.
Under Bradley we must first determine whether appellant was misled in the preparation of his defense by the charges in the first petition. At a minimum, appellant was explicitly charged by the first petition with sexually battering his cousin on a certain date at a specific location, and without her consent. He was therefore made aware that the state would have to prove either that the victim had not agreed to the intercourse, or that any consent was not intelligent, knowing and voluntary. He would also have been aware that evidence of a mental handicap can always be introduced by the state to rebut any defense that the victim’s consent was knowing, intelligent and voluntary. Section 794.011(6), Florida Statutes.
Appellant’s counsel has admitted to knowledge and notice from the original arrest report that the victim was mentally defective, and further admits there is no claim of “surprise” by the amendment. The amendment to the petition was made in November 1989, and appellant’s adjudicatory hearing was not held until May 1990. Appellant had adequate time to prepare a defense to the charges against him when he was made aware by the original petition and the statutory scheme (irrespective of what subsection he was charged with violating) that the victim’s consent, under each of the provisions in question, was necessarily at issue, and that evidence of the victim’s mental deficiency could always be admitted to prove that any consent was not intelligent or voluntary.
Because of apparent conflict among the districts[5] on related issues arising under the rule and statutes herein applied, and the frequency with which such issues are likely to arise, we certify the question decided here as one of great public interest pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, as follows:
UNDER THE CIRCUMSTANCES OF THIS CASE DOES RULE 8.110, F.R. J.P., PERMIT AMENDMENT OF AN ORIGINAL TIMELY PETITION FOR DELINQUENCY MORE THAN 45 DAYS AFTER ARREST TO CORRECT THE SPECIFIED SUBSECTION OF A SEXUAL BATTERY CHARGE UNDER SECTION 794.011, FLORIDA STATUTES, FROM SUBSECTION (5) TO SUBSECTION (4), BOTH INVOLVING LACK OF INTELLIGENT VOLUNTARY CONSENT AS THERE DEFINED?
Affirmed.
BOOTH and ZEHMER, JJ., concur.

. Section 39.05(6), Florida Statutes, provides: On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody.
Section 39.05(5) provides that the "form of the petition and its contents shall be determined by rules of procedure adopted by the Supreme Court." Rule 8.110, Fla.Rules of Juvenile Procedure (1990), provides:
Rule 8.110 Petitions for Delinquency
[[Image here]]
(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice him in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.
(e) Prompt Filing. On motion by or in behalf of a child a petition alleging delinquency shall be dismissed with prejudice if it was not filed within the time provided by law. However, the court may grant an extension of time as provided by law.

. Section 794.011, Florida Statutes, provides:
794.011 Sexual battery.—
(1) Definitions:
(a) The term "consent” means intelligent, knowing, and voluntary consent and shall not be construed to include coerced submission.
[[Image here]]
(4) A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, under any of the following circumstances is guilty of a felony of the first degree, ...
(a) When the victim is helpless to resist.
[[Image here]]
(e) When the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact.
(f) When the victim is physically incapacitated.
(5) A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury is guilty of a felony of the second degree, ...
(6) Evidence of the victim's mental incapacity or defect is admissible to prove that the consent was not intelligent, knowing, or voluntary; and the court shall instruct the jury accordingly.

. Appellant relies heavily on T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978), and J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983), to support his argument that if an amendment which changes the name of the victim is considered to allege a wholly different offense, then the amendments involved in his case should be considered to have also alleged a separate offense against appellant, and because they were untimely, should likewise be dismissed. Indeed, appellant argues that his case is even more compelling than T.R. or J.H. because the amendments in his case did allege that he had committed a statutory offense different than the one for which he had been originally charged. See also, W.G.K. v. State, 565 So.2d 885 (Fla. 1st DCA 1990). Cases from other courts have come to a contrary conclusion. State v. D.J., 474 So.2d 408 (Fla. 4th DCA 1985); L.G.R. v. State, 485 So.2d 13 (Fla. 3d DCA 1986); State v. M.M., 557 So.2d 217 (Fla. 2d DCA 1990); M.F. v. State, 563 So.2d 171 (Fla. 3d DCA 1990).

. At the adjudicatory hearing, the state attempted to file the second amendment to the delinquency petition to reconcile the body of the petition with the caption charging appellant with a sexual battery of a mentally defective victim. Rule 8.110(c) permits amendments to a delinquency petition until the time of the adjudicatory hearing. Accordingly, an amendment *104 at hearing would not appear to be permitted under the rule or under the cases applying the rule. However, because the original petition sufficiently apprised appellant of the charges against him, any error in permitting amendment at this later date was harmless.

. Note 3, supra.