583 So.2d 1383 (1991)
M.F., a Juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. 76371.
Supreme Court of Florida.
July 11, 1991.
*1384 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., Miami, for respondent.
BARKETT, Justice.
We have for review M.F. v. State, 563 So.2d 171 (Fla.3d DCA 1990), based on asserted express and direct conflict with D.C.W. v. State, 445 So.2d 333 (Fla. 1984); S.R. v. State, 346 So.2d 1018 (Fla. 1977); J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983); and T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978).[1] The issue presented is whether the state can amend a timely-filed petition for juvenile delinquency more than forty-five days after the juvenile is taken into custody by changing the allegation from sale of cannabis to sale of cocaine. We approve the decision below and hold that the amendment was proper under the circumstances of this case.
Police in Miami arrested petitioner, M.F., on May 31, 1989, when, according to the police report, an undercover officer allegedly purchased $10 worth of rock cocaine from the juvenile. The state filed a petition for delinquency on June 27 alleging that M.F. "did unlawfully and feloniously sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver a controlled substance, to-wit: CANNABIS, ... in violation of [section] 893.13 [of the] Florida Statutes [1987]." The allegation would have been a third-degree felony if filed in adult criminal court. M.F. entered a plea of denial.
An adjudicatory hearing was set for August 8, sixty-nine days after police took M.F. into custody. At that time, the state orally moved to amend the petition to change the controlled substance specified in the petition from cannabis to cocaine, now alleging what would have been a second-degree felony if filed in adult criminal court. Over M.F.'s objection, the court allowed the amendment but granted M.F. a thirty-day continuance.
M.F. subsequently moved to dismiss pursuant to Florida Rule of Juvenile Procedure 8.110(e), alleging that the state failed to satisfy the forty-five-day filing period required by section 39.05(6) of the Florida Statutes (1987). M.F. argued that the state was actually filing a "new charge," whereas the state argued that it was merely correcting a technical error. The court denied M.F.'s motion to dismiss. M.F. then pled nolo contendere to the amended petition, reserving the right to appeal. The court adjudicated M.F. delinquent, and the district court affirmed.
*1385 It is undisputed that under the applicable law, juveniles have a substantive right to have a delinquency petition dismissed with prejudice if the petition is not timely filed. § 39.05(6), Fla. Stat.;[2]see S.R., 346 So.2d at 1018. The court has no discretion under such circumstances, for it must dismiss an untimely petition. S.R., 346 So.2d at 1018; see Fla.R.Juv.P. 8.110(e).[3] The state has forty-five days to file its petition, and the period begins to run at the moment the juvenile is taken into custody. § 39.05(6), Fla. Stat.; D.C.W., 445 So.2d at 333. Once a proper petition for delinquency has been timely filed, the state may correct defects or variances by amending the petition prior to the adjudicatory hearing. Fla.R.Juv.P. 8.110(c);[4]see also Fla.R.Juv.P. 8.110(d).[5] However, the state may not amend a petition if doing so conflicts with the juvenile's substantive right to have an untimely petition dismissed with prejudice. S.R., 346 So.2d at 1018.
In this case, the state initially filed its petition twenty-seven days after M.F.'s arrest, which was well within the forty-five-day period allowed by section 39.05(6). However, M.F. argues that because the initial petition alleged a different violation than the one later alleged by amendment, the petition was inadequate to satisfy the notice requirement of due process, the statutory forty-five-day filing requirement, and rule 8.110. Therefore, M.F. argues, the court was obligated to dismiss the petition with prejudice. M.F. further argues that allowing the state to amend under these circumstances would defeat the substantive protections afforded juveniles by the statute and would run contrary to the legislature's intent in chapter 39 of the Florida Statutes (1987) to promote swift intervention, treatment, and rehabilitation in juvenile cases.
The state argues that the original petition met the requirements of law, thereby satisfying the forty-five-day statutory time period. The state asserts that the distinction between cannabis and cocaine was merely a technical defect, allowing the state to timely cure the defect by amendment pursuant to rule 8.110(c). The state urges that it would be appropriate to determine whether the original petition was so vague, indistinct, and indefinite that the juvenile was misled or prejudiced in presenting a defense. Applying those principles, the state contends that M.F. suffered no prejudice because the juvenile had actual notice of the police report that specified cocaine as the controlled substance, and because M.F. got a thirty-day continuance after the petition was amended.
We begin our analysis with the overarching principle that due process of law requires the state to allege every essential element when charging a violation of law, *1386 either in adult criminal or juvenile proceedings, to provide the accused with notice of the allegations. Art. I, § 9, Fla. Const.; see, e.g., State v. Rodriguez, 575 So.2d 1262 (Fla. 1991); accord In re Gault, 387 U.S. 1, 31-34, 87 S.Ct. 1428, 1445-47, 18 L.Ed.2d 527 (1967). The state's authority to provide notice of allegations by formally charging a crime is often limited by legislative policy decisions imposing statutes of limitations to restrict the period during which the state may take legal action against an individual for particular offenses. Accordingly, a charging document is subject to dismissal if it fails to properly allege every essential element of the offense or if it is not filed within the period of time allowed by law.
This Court has carved out an exception to the filing requirement where the state, because of a clerical-type error made in good faith, improperly alleges the elements of an offense in a timely-filed charging document. In such instances, we have held that the state may amend the charging document to correct the error after the applicable statutory period has elapsed, provided that the amendment was not intended to actually change the substantive charge and did not prejudice the rights of the accused to present a defense and get a fair trial. In Rubin v. State, 390 So.2d 322 (Fla. 1980), the state timely filed an information that named the victim as "Riverside Memorial Chapel, Inc., a subsidiary of Service Corporation International," and refiled the information after the statute of limitations expired to read "Riverside Memorial Chapel, Alton Road, Inc., a subsidiary of Service Corporation International." Id. at 323 (emphasis in original). The Court held that the statute of limitations was tolled by the filing of the first information because the first information was timely filed; the second information corrected what was just a "slight inaccuracy" in the name of the corporate victim; the second information contained sufficient information to link it to the first; the second information was filed while the first information was pending; the crimes charged in the two informations were identical; and the refile notation on the second information was sufficient indication that the state was pursuing the same prosecution. Id. at 324; see also State v. Anderson, 537 So.2d 1373 (Fla. 1989) (when procedural irregularities or technical defects are made in an information, and those problems have no bearing upon the substantial rights of the parties, courts should require a showing of prejudice before dismissing the charge).
In considering whether these same principles should apply in the area of juvenile justice, we must take note of the fact that the Florida legislature has imposed a firm layer of protection for juveniles by requiring courts to dismiss with prejudice delinquency petitions filed more than forty-five days after the juvenile has been taken into custody. § 39.05(6), Fla. Stat. Previous decisions of this Court reaffirm the strength of the legislature's policy decision to require the state to promptly file delinquency petitions. For example, in S.R., the Court held that an initial delinquency petition filed after the statutory filing period has elapsed must be dismissed with prejudice, so the trial court has no discretion under such circumstances to consider whether the juvenile was prejudiced by the untimely filing.[6]S.R., 346 So.2d at 1018. In D.C.W., the state initially proceeded against the juvenile as an adult but later filed a petition for delinquency when the charges brought in circuit court were reduced. The Court held that when an information or indictment setting forth adult criminal charges is filed within forty-five days of the juvenile's arrest, the state may proceed with delinquency proceedings if for some reason the case is transferred back to the juvenile division. D.C.W., 445 So.2d at 333. However, neither S.R. nor D.C.W. addressed whether prejudice to the juvenile should be considered when the state fails to properly allege every essential element in a *1387 timely-filed initial petition and amends the petition after the filing period elapses. Thus, S.R. and D.C.W. do not conflict with M.F., nor do they control the result here.
Turning to relevant district court decisions for guidance, there appears to be some inconsistency or lack of clarity among those cases. We review them to resolve conflicts and harmonize the law, breaking them down for the purposes of discussion into two categories: those where petitions were amended after the state failed to properly allege each essential element, and those where petitions were amended to alter the type of violation alleged.
In the former category, we first look to State v. T.A., 528 So.2d 974 (Fla.2d DCA 1988). There, the state timely filed two petitions alleging that T.A. committed burglary of a conveyance and petit theft against one victim, but after the statutory filing period elapsed, the state amended the petitions to name a completely different victim. The trial court dismissed the amended petitions, and the district court affirmed because it was apparent that the original and amended petitions did not allege identical violations against identical victims at identical places and times and involving identical properties. We agree that the state's amendment under these circumstances was the equivalent of alleging a wholly different violation, thereby effectively defeating the filing requirement of section 39.05(6). Thus, we approve T.A.
The First District reached a similar conclusion in J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983). There, a timely petition accused J.H. of committing aggravated battery against William Klein, but prior to the adjudicatory hearing the trial court allowed the state to amend the petition to change the victim's name to David Klein. The district court reversed, finding the naming of the "wrong victim" to have been a fatal defect that could not be cured by filing an amendment after the forty-five-day filing period had elapsed. J.H., 424 So.2d at 929. The state apparently alleged a completely different person than the true victim, although it is impossible to be sure from the face of the opinion. Assuming that the decision in J.H. turned on the fact that two different crimes had been alleged by naming the "wrong victim," we approve that decision. For the same reason and with the same qualification, we approve In re W.G.K., 565 So.2d 885 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991), which relied on J.H. to hold that the state cannot amend a delinquency petition after the statutory period elapses to correct its error in naming the "wrong victim" of a burglary.[7]
District courts reached conclusions contrary to these cases in State v. D.I., 474 So.2d 408 (Fla. 4th DCA), opinion withdrawn on other grounds, 477 So.2d 71 (Fla. 4th DCA 1985), and L.G.R. v. State, 485 So.2d 13 (Fla. 3d DCA 1986). In D.I., the state's timely-filed initial petition alleged that D.I. committed a petit theft from a Winn Dixie store, but the state amended the petition after the filing period elapsed to change the name of the alleged victim to Shopper's Drug Mart. The trial court dismissed the amended petition, but the district court reversed. We disapprove the district court's decision. By alleging in the amended petition what is obviously a wholly different victim from the one alleged *1388 in the initial petition, the state essentially alleged a wholly different violation. This did not provide timely notice of the allegations and thereby circumvented the filing requirement of section 39.05(6). In L.G.R., the district court approved an amendment that had been filed after the filing period elapsed, finding, without elaborating on the facts, that the amendment "merely substituted the correct name of the victim," and thereby "did not substantially alter the initial petition." L.G.R., 485 So.2d at 13. Again it is difficult to tell from the opinion precisely what the facts were. However, we read L.G.R. to stand for the proposition that the state may amend a petition after the filing statute has elapsed if the amendment merely corrects a clerical inaccuracy in the victim's name without substituting a wholly different victim. That analysis does not defeat the intent of the legislature in section 39.05(6). Therefore, we approve L.G.R. on that basis. Cf. Rubin, 390 So.2d at 322.
Another decision in this group worth discussing is Bradley v. State, 385 So.2d 1122 (Fla. 1st DCA), review denied, 392 So.2d 1372 (Fla. 1980). There, the state failed to allege an essential element in its timely-filed delinquency petition, but the trial court allowed the state to cure the error by amendment after the statutory filing period elapsed. The district court affirmed because the amendment was filed well before the adjudicatory hearing; the original petition was substantially complete; and the original petition cited the correct statutory citation. We approve that decision because a specific and unambiguous statutory citation in a charging document provides ample notice of the specific allegation, and consequently, its essential elements, to allow a timely amendment to cure this kind of defect. Cf. State v. Rodriguez, 575 So.2d 1262 (Fla. 1991).
In the second group of cases, those which dealt with amendments that altered the type of violation alleged, we begin with State v. M.M., 557 So.2d 217 (Fla. 2d DCA 1990). There, a timely petition alleged principal to sexual battery, but after being twice amended after the forty-five-day period elapsed, the petition alleged three different violations: principal to lewd, lascivious, or indecent assault or act upon a child; kidnapping; and aggravated assault. The district court permitted the amendments, reasoning that the alleged victim and the date of the alleged delinquent acts remained the same from the outset, with all allegations arising from the same factual incident. Since the amendments were filed early in the case and before an adjudicatory hearing was held, the district court said M.M. suffered no surprise or prejudice. In In re B.T. 573 So.2d 101 (Fla. 1st DCA 1991), the state timely filed a petition alleging that B.T. committed sexual battery without the victim's consent with the use of physical force and violence not likely to cause serious injury. After the forty-five-day filing period elapsed, the state amended the petition to allege that B.T. committed sexual battery upon a physically helpless victim, thereby increasing the allegation to what in adult criminal proceedings would be an offense of a higher degree.[8] The court adjudicated B.T. delinquent at a hearing six months later, and the district court affirmed, finding that B.T. could not have been surprised or prejudiced under the facts of that case. Likewise, in In re E.M., 362 So.2d 427 (Fla. 4th DCA 1978), the court approved an amendment that changed the allegation of trespass to an allegation of burglary.
Each of these decisions are fatally flawed because they failed to recognize that since the design of the state was to change the allegations to different substantive violations, rather than merely correct clerical errors, the state circumvented the juveniles' substantive rights to be properly charged within the applicable limitations imposed by section 39.05(6). Under these circumstances it is inappropriate for courts *1389 to inquire any further concerning prejudice to the juveniles, because juveniles necessarily are prejudiced when they are denied their substantive rights. Accordingly, we disapprove M.M., B.T., and E.M.
We hold that the state may amend a timely-filed juvenile delinquency petition after the forty-five-day filing period has elapsed if the amendment, made prior to the adjudicatory hearing, is intended to merely correct a good faith clerical-type error and not to change the substantive allegation for other reasons. However, under no circumstances may the state amend a petition if the amendment prejudices the juvenile's rights to prepare a defense and receive a full and fair adjudicatory hearing. We also caution that in permitting amendments, courts must keep in mind the legislature's intent to expedite the disposition of juvenile cases.
Applying these principles to the instant case, we hold that the district court correctly affirmed the trial court's decision to allow the state to amend M.F.'s delinquency petition. M.F. does not dispute that from the very outset, the juvenile had actual knowledge from the contents of the arrest report that the alleged sale of cocaine, rather than cannabis, was the subject of the state's action. The initial petition was timely filed, and all of the evidence in this record suggests that the state merely intended its amendment to correct a clerical error. Upon filing the amendment, the court granted M.F. a thirty-day continuance. M.F. made no showing that the amendment prejudiced the juvenile's rights to prepare a defense and get a full and fair adjudicatory hearing. Under these circumstances, the amendment comported with rule 8.110 and did not violate M.F.'s substantive rights as provided by section 39.05(6). Thus, we approve the decision in M.F.
It is so ordered.
SHAW, C.J., and GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in result only with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, concurring in result only.
I concur in result only because I believe that In re B.T., 573 So.2d 101 (Fla. 1st DCA 1991), State v. M.M., 557 So.2d 217 (Fla. 2d DCA 1990), and In re E.M., 362 So.2d 427 (Fla. 4th DCA 1978), were correct and should be approved. I believe, absent prejudice to the defendant in preparing a defense, the state can make a substantive change in a timely filed delinquency petition.
OVERTON, J., concurs.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Section 39.05(6) of the Florida Statutes (1987) provides:

(6) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.
[3] Florida Rule of Juvenile Procedure 8.110(e) provides:

(e) Prompt Filing. On motion by or in behalf of a child a petition alleging delinquency shall be dismissed with prejudice if it was not filed within the time provided by law. However, the court may grant an extension of time as provided by law.
[4] Florida Rule of Juvenile Procedure 8.110(c) provides:

(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
[5] Florida Rule of Juvenile Procedure 8.110(d) provides:

(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice him in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.
[6] We note that in S.R. v. State, 346 So.2d 1018 (Fla. 1977), the Court construed a 30-day filing provision, see section 39.05(7) of the Florida Statutes (1975), rather than the 45-day filing provision now under review. See § 39.05(6), Fla. Stat. (1987). Nonetheless, the principles set forth in S.R. apply with equal force here.
[7] Although the petitioner here asserts conflict with T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978), we find that case to be distinguishable from the one under review. In T.R., the state timely filed a petition alleging that Woolco Department Store had been the victim of a retail theft, but after testimony was taken at the adjudicatory hearing, the state moved to amend the petition to change the victim's name to Amron, an automobile supply company that leased space in Woolco. The trial court refused to allow the state to amend the petition after the statutory time period had elapsed, so the state nolle prossed the charge, refiled to correctly name the victim, and obtained an adjudication of delinquency. The district court reversed, holding in pertinent part that the first petition did not toll the statute, and because the latter petition was filed after the statutory time limit expired, the court was obliged to dismiss the petition. Those facts are very different from the instant case because in T.R., the state attempted to alter the petition after the adjudicatory hearing began and evidence was taken, a practice expressly prohibited by Florida Rule of Juvenile Procedure 8.110(c) and not directly at issue in the instant case.
[8] In re B.T., 573 So.2d 101 (Fla. 1st DCA 1991), the trial court also allowed the state to file a second amended petition at the adjudicatory hearing to correct an error in the caption of the petition. The district court's decision deemed that to be a harmless error violation of Florida Rule of Juvenile Procedure 8.110(c). B.T., 573 So.2d at 103 n. 4. We do not comment on that ruling.