PER CURIAM.
We have for review B.T. v. State, 573 So.2d 101 (Fla. 1st DCA 1991), in which the First District Court of Appeal held it was proper to amend a delinquency petition to *300 include the allegation that the victim of a sexual battery was mentally defective when the original petition had alleged that the victim was physically helpless to resist the sexual battery. The district court concluded that this amendment and a succeeding amendment did not violate section 39.-05(6), Florida Statutes (1989).[1] The district court certified the following question as one of great public importance:
UNDER THE CIRCUMSTANCES OF THIS CASE DOES RULE 8.110, F.R.J.P., PERMIT AMENDMENT OF AN ORIGINAL TIMELY PETITION FOR DELINQUENCY MORE THAN 45 DAYS AFTER ARREST TO CORRECT THE SPECIFIED SUBSECTION OF A SEXUAL BATTERY CHARGE UNDER SECTION 794.011, FLORIDA STATUTES, FROM SUBSECTION (5) TO SUBSECTION (4), BOTH INVOLVING LACK OF INTELLIGENT VOLUNTARY CONSENT AS THERE DEFINED?
573 So.2d at 104. We have jurisdiction. Art. V, § 3(b)(4), Fla.Const. In accordance with our decision in M.F. v. State, 583 So.2d 1383 (Fla.1991), we answer the certified question in the negative, quash the decision of the district court, and remand this case for further proceedings in accordance with our M.F. decision.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, J., concurs in result only.
McDONALD, J., dissents with an opinion.

. Section 39.05(6), Florida Statutes (1989), provides as follows:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody....