PER CURIAM.
Henry Page appeals an order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800. Defendant-appellant pled guilty to second degree murder, which is a first degree felony punishable by life imprisonment. § 782.04(2), Fla.Stat. (1977). The life sentence is legal.
Assuming, without deciding, that defendant’s claim relating to the Youthful Offender Act is cognizable under Rule 3.800, it has been held that the Youthful Offender Act does not apply to a defendant whose crime was committed prior to the Act’s effective date of October 1, 1978. Bradley v. State, 385 So.2d 1122, 1123 (Fla. 1st DCA), review denied, 392 So.2d 1372 (Fla.1980); Allen v. State, 383 So.2d 674, 675 (Fla. 5th DCA 1980). Defendant’s crime was committed prior to October 1, 1978. Even if defendant were eligible for the Youthful Offender Act, defendant’s claim that Youthful Offender classification was mandatory in his case is incorrect. See State v. Goodson, 403 So.2d 1337, 1339-40 (Fla.1981).
Affirmed.