776 So.2d 355 (2001)
Walter COLLADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1951.
District Court of Appeal of Florida, Third District.
January 31, 2001.
Walter Collado, in proper person.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and RAMIREZ, JJ.
COPE, J.
Walter Collado appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse.
Pursuant to a plea bargain, defendant-appellant Collado was given a split sentence of five years incarceration followed by one year of probation.[1]
So far as pertinent here, the youthful offender sentencing options are as follows:
(c) The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation and restitution center or community residential facility, such period shall be for not less than 1 year or more than 4 years. The period of probation or community control shall commence immediately *356 upon the release of the youthful offender from incarceration. The period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed 6 years.
(d) The court may commit the youthful offender to the custody of the department for a period of not more than 6 years, provided that any such commitment shall not exceed the maximum sentence for the offense for which the youthful offender has been convicted. Successful participation in the youthful offender program by an offender who is sentenced as a youthful offender by the court pursuant to this section, or is classified as such by the department, may result in a recommendation to the court, by the department, for a modification or early termination of probation, community control, or the sentence at any time prior to the scheduled expiration of such term. When a modification of the sentence results in the reduction of a term of incarceration, the court may impose a term of probation or community control which, when added to the term of incarceration, shall not exceed the original sentence imposed.
§ 958.04(2)(c), (d), Fla.Stat. (Supp.1998).[2]
Where, as here, the incarceration is to be served in state prison, the split sentence may be for no more than four years incarceration, followed by up to two years probation.[3] Alternatively, the trial court may sentence a youthful offender to six years of incarceration.
Defendant is correct that a term of five years incarceration in state prison as a youthful offender, followed by one year of probation, is an illegal sentence. See id. § 958.04(2)(c); Riley v. State, 407 So.2d 967, 968 (Fla. 2d DCA 1981); 15 Fla.Jur.2d Criminal Law § 2999 (1993). Defendant may raise this issue even though he agreed to the sentence as part of a plea bargain. See King v. State, 681 So.2d 1136, 1140 (Fla.1996); Larson v. State, 572 So.2d 1368, 1371 (Fla.1991); Williams v. State, 500 So.2d 501, 503 (Fla. 1986), receded from on other grounds, Quarterman v. State, 527 So.2d 1380 (Fla. 1988).
We reverse the order now under review and remand for resentencing within legal limits,[4] or alternatively to allow defendant to withdraw his plea.
We suggest that the legislature revise section 958.04(2)(c), Florida Statutes, to allow greater flexibility in split sentencing.[5] It is hard to see why the trial court should not have been able to impose the sentence it did in this case.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] One of the sentencing orders incorrectly states that the one-year period was to be served on community control. The oral pronouncement, and separately-entered probation order, provide for one year of probation.
[2] The offense date was February 1, 1999.
[3] Not at issue here is placement in a probation and restitution center or community residential facility. The time limit for such a placement is 364 days. Id. § 958.04(2)(b); see State v. Davis, 721 So.2d 1243 (Fla. 4th DCA 1998).
[4] The choices include leaving the sentence at five years and striking the one-year probationary term, id. § 958.04(2)(d), or resentencing defendant to four years followed by two years of probation. Id. § 958.04(2)(c),(d).
[5] This could be accomplished by striking from section 958.04(2)(c) the phrase "or more than 4 years."