844 So.2d 767 (2003)
Keith J. BANNISTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-884.
District Court of Appeal of Florida, Third District.
May 14, 2003.
*768 Keith J. Bannister, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Keith J. Bannister appeals an order denying his motion to correct illegal sentence. The circuit court clerk has been unable to locate the file of defendant-appellant Bannister as it has been sent out for microfilming, but it is clear from the materials attached to the motion that the defendant is not entitled to any relief. The charge of second degree murder, to which the defendant pled guilty, is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. § 782.04, Fla. Stat. (1979); Page v. State, 687 So.2d 1357 (Fla. 3d DCA 1997). If enhanced for use of a weapon, see § 775.087(1), Fla. Stat. (1979), it becomes a life felony. State v. Whitehead, 472 So.2d 730, 731 (Fla.1985). Under either analysis, life imprisonment is an authorized penalty for this crime.
The second charge to which the defendant pled guilty was attempted first degree murder. It is clear from the materials the defendant has submitted that the charge was attempted first degree murder with a weapon. That offense is a life felony. See § 782.04(1), 777.04(4)(a), 775.087(1)(a), Fla. Stat. (1979); Strickland v. State, 437 So.2d 150, 152 (Fla.1983).
The defendant argues that it was impermissible to enhance the attempted first degree murder charge for use of a weapon. The defendant is mistaken, as use of a weapon is not an essential element of the crime of attempted first degree murder. Strickland, 437 So.2d at 152; § 775.087(1), Fla. Stat. (1979).
It follows that the defendant's sentences are legal.