944 So.2d 1016 (2005)
Willard BRYANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2332.
District Court of Appeal of Florida, Third District.
December 28, 2005.
Opinion on Rehearing December 27, 2006.
*1017 Willard Bryant, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
COPE, C.J.
Willard Bryant appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
The trial court denied the defendant's motion on the theory that it was successive. On this appeal, defendant-appellant Bryant correctly states that where a trial court denies a motion on account of successiveness, the documents demonstrating successiveness must be attached to the trial court's order. See Ranaldson v. State, 672 So.2d 564, 565 (Fla. 1st DCA 1996).[1] No such attachments are present in this case. Therefore the trial court's order cannot be sustained insofar as it relies on the ground of successiveness.
The trial court also denied the defendant's motion as time-barred. We respectfully *1018 disagree with that conclusion. The defendant in this case claims that his sentence on count one exceeds the legal maximum. That is a claim which may properly be brought under Florida Rule of Criminal Procedure 3.800(a), as the defendant has done. See State v. Callaway, 658 So.2d 983, 988 (Fla.1995).
Apparently because the sentence on count one was imposed pursuant to a plea bargain, the trial court ruled that such a claim must be brought under Florida Rule of Criminal Procedure 3.850, and as such, was time-barred. It is true that a claim that a sentence exceeds the legal maximum may be brought under Rule 3.850. Rule 3.850 states, in part, "A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time." Fla. R.Crim. P. 3.850(b). Thus, when such a claim is made under Rule 3.850, it is not subject to any time limit. Id. That is so even where a sentence which exceeds the legal maximum was imposed pursuant to a plea bargain. See Collado v. State, 776 So.2d 355, 356 (Fla. 3d DCA 2001), and cases cited therein.
On the merits, however, we affirm. The defendant is incorrect in believing that his sentence exceeds the legal maximum. The defendant entered into a plea agreement in 1979 whereby he pled guilty in count one to second degree murder (as reduced from the charge of first degree murder) as well as other offenses. A life sentence was imposed on count one.
The defendant is under the impression that second degree murder is a first degree felony as to which the legal maximum sentence is thirty years. He maintains that count one was enhanced to a life felony under circumstances declared impermissible in Traylor v. State, 785 So.2d 1179 (Fla.2000). He requests relief under Traylor.
In reality, the offense of second degree murder is "a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. . . ." § 782.04(2)(3), Fla. Stat. (1977).[2] For such an offense, a life sentence is a legal sentence. That being so, the defendant's life sentence on count one is a legal sentence.[3]See Betancourt v. State, 804 So.2d 313, 315 (Fla.2001); Bannister v. State, 844 So.2d 767, 768 (Fla. 3d DCA 2003).
Affirmed.

On Motion for Rehearing
COPE, C.J.
By motion for rehearing defendant-appellant Bryant argues that he is entitled to a determination whether his 1979 second degree murder conviction is a first degree felony punishable by life imprisonment, or whether it was reclassified on account of the use of a firearm, and is therefore a life felony. The defendant argues that the level of felony makes a difference in his parole eligibility. As the defendant's crime date occurred several years prior to the adoption of the sentencing guidelines, the defendant has a parole-eligible sentence. The defendant has attached to his motion correspondence with the Florida Parole Commission, which appears to support his claim that the level of felony may make a difference to consideration by the Florida Parole Commission.
We therefore reverse the order now before us in part and remand for the trial *1019 court to review the record and make a determination whether the defendant's second degree murder conviction is a life felony (by reason of reclassification pursuant to § 775.087(1), Fla. Stat. (Supp.1976)) or was not reclassified, and is therefore a first degree felony punishable by life imprisonment.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] Alternatively, it is sufficient if the documents demonstrating successiveness are attached to the defendant's motion, the State's response, the defendant's reply, or any motion for rehearing, response, or reply. See Fla. R.App. P. 9.141(b)(2)(A).
[2] According to the indictment, the crime date was May 12, 1979.
[3] The judgment in the defendant's case does not indicate whether the court treated count one as a first degree felony punishable by life, or a life felony. Under the analysis just stated, it makes no difference.