NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GRADY C. LOVE,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D18-1630
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed March 1, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Bruce Kyle, Judge.

Grady C. Love, pro se.

Ashley Brooke Moody, Attorney
General, Tallahassee, and David
Campbell, Assistant Attorney General,
Tampa, for Appellee.


KHOUZAM, Judge.

          Grady C. Love appeals the summary denial of his motion for

postconviction relief.  In his motion, Love raised a claim of newly discovered evidence.

The postconviction court denied the motion on the ground that Love's claim was

successive. However, the court did not attach to its order any documents—such as Love's previous motion and the order denying it—to demonstrate the successiveness of Love's claim. See Fla R. Crim. P. 3.850(h)(2) (providing that an order denying a postconviction motion as successive shall be accompanied by "a copy of that portion of the files and records necessary to support the court's ruling"); Bryant v. State, 944 So. 2d 1016, 1017 (Fla. 3d DCA 2005) ("[W]here a trial court denies a motion on account of successiveness, the documents demonstrating successiveness must be attached to the trial court's order."). Accordingly, we must reverse and remand for the postconviction court either to attach documents demonstrating the successiveness of Love's claim or to consider Love's motion on its merits.

Reversed and remanded.

KELLY and SLEET, JJ., Concur.