CANADY, Judge.
Dwight Mathews appeals the summary dismissal of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court issued this summary dismissal in spite of determining that Mathews was entitled to an evidentiary hearing, we reverse.
On April 3, 2001, Mathews filed a rule 3.850 motion alleging that he was entitled to a new trial based on newly discovered evidence. On March 4, 2002, Mathews filed a writ of mandamus with this court because the trial court had not ruled on his postconviction motion. On March 13, 2002, this court issued an order to the trial court inquiring about the status of this motion. On March 28, 2002, the trial court issued an order to the State to show cause why Mathews was not entitled to an evidentiary hearing on his rule 3.850 motion. The State filed its response with the trial court on April 10, 2002. On May 28, 2002, the trial court issued an order granting an evidentiary hearing.
On July 31, 2002, Mathews filed a motion to appoint a process server because his witness was released from prison and could no longer be located. On August 19, 2002, this motion was granted. On August 30, 2002, the trial court attempted to hold the evidentiary hearing. Mathews moved for a continuance because his witness had not yet been located. This motion was granted. On October 4, 2002, the trial court again attempted to hold the eviden-tiary hearing and again Mathews moved for a continuance because his witness had not yet been located. This motion was granted. On December 12, 2002, this court granted Mathews’ writ of mandamus and ordered the trial court to hold an evidentiary hearing no later than December 20, 2002. On December 17, 2002, the trial court again attempted to hold the evidentiary hearing and again Mathews moved for a continuance because his witness had not yet been located. This motion was granted on December 17, 2002. In the order granting the motion, the trial court stated, “Defendant should be aware that there will be no more continuances granted in this case.”
On January 31, 2003, the trial court again attempted to hold the evidentiary hearing and Mathews again moved for a continuance. The trial court denied the continuance. Mathews indicated that he could not go forward with the evidentiary hearing without his witness. The trial court then issued an order dismissing Mathews’ rule 3.850 motion, stating: “In light of the fact that Defendant is unable to locate this key witness and indicates that he cannot go forward with his motion without this witness, the Court finds that an evidentiary hearing is not warranted.”
It was error for the trial court summarily to dismiss a motion under rule 3.850 after determining that it warranted an evi-dentiary hearing. The claim in Mathews’ *38 rule 3.850 motion remains facially sufficient to require an evidentiary hearing. We therefore reverse and remand for the trial court to hold an evidentiary hearing. If Mathews is unable to present testimony at the hearing to establish his claim, the trial court should issue a nonsummary denial of his rule 3.850 motion.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.