SALCINES, Judge,
Dissenting.
I respectfully dissent. The postconviction court reviewed Jose Lucio Chacon’s motion for postconviction relief and concluded that ground five, alleging newly discovered evidence, set forth a facially sufficient claim for relief and that an evi-dentiary hearing was required. Indeed, in its response to the motion, the State conceded that an evidentiary hearing was necessary because the record before the court did not conclusively refute Chacon’s allegations of newly discovered evidence. The evidence at issue was a letter signed by “Glenda W.” which essentially stated that *534 the charges against Chacon had been fabricated by Chacon’s ex-wife. In his motion for postconviction relief, Chacon indicated that the letter was written by his ex-wife’s cousin to a family friend who forwarded it to Chacon.
An order was entered directing that an evidentiary hearing be conducted. In preparation for the evidentiary hearing, a status conference was conducted. At that status hearing, postconviction counsel informed the court that he had hired an investigator who located “the supposed Glenda W. who lived in Alabama.” Counsel stated that when he contacted the woman, she told him she had not written the letter and did not agree with its content. Counsel indicated that he needed to get a handwriting expert to examine the letter to determine if it was, in fact, written by the woman in Alabama and he also needed to conduct a video deposition of the woman. However, counsel then informed the court that he felt like “we’re basically spinning our wheels” because even if it were proven that the letter had been written by the woman in Alabama, she would not be a viable witness for Chacon because she did not agree with the content of the letter. Counsel did not present any evidence other than his unsworn statements to support his allegations. There was no testimony of witnesses or written documentation to support Chacon’s counsel’s assertions that the woman in Alabama was actually the author of the letter. In fact, the woman denied that she had written the letter.
The majority concludes that Chacon abandoned the claim of newly discovered evidence and acquiesced in his counsel’s concession that no testimonial support was available to support his claim. However, the transcript of the status hearing reveals that counsel stated that he had called the conference to put on the record counsel’s concerns about expending further resources “which will ultimately not change the outcome of what decision the Court makes in the end.” Counsel informed the postconviction court that he told Chacon that it would be advisable for him to withdraw his motion. However, when questioned by the court, Chacon still maintained his innocence and did not ask to withdraw his motion. Counsel for Chacon did not thereafter tell the postconviction court that he was withdrawing the motion or otherwise abandoning the motion on behalf of Chacon.
The postconviction court did not make a finding that the motion was abandoned or withdrawn but summarily denied the facially sufficient motion without an eviden-tiary hearing based upon the oral representations of Chacon’s counsel. In my opinion, this was error. “[I]t is fundamental that ... representations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence.” State v. T.A., 528 So.2d 974, 975 (Fla. 2d DCA 1988). When a rule 3.850 motion claiming newly discovered evidence is denied without an evidentiary hearing, a defendant’s factual allegations must be accepted as true to the extent that they are not refuted by the record. See McLin v. State, 827 So.2d 948, 954 (Fla.2002). An evidentiary hearing is required when the record fails to show conclusively that a defendant is entitled to no relief. Fla. R.App. P. 9.141(b)(2)(D). The post-conviction court and the State both correctly acknowledged that the record did not refute the allegations of newly discovered evidence.
Further, the written order denying relief stated that Chacon’s counsel had informed the court that the letter, which was the subject of the motion, “was actually written and in existence at or before the time of trial in this matter and, therefore, did not constitute ‘newly discovered’ evidence.” The statements made by Cha- *535 con’s counsel at the status hearing at times were unartfully phrased. However, it is clear from the transcript that he did not state that the June 10, 2002, letter from Glenda W. was written prior to or at the time of the 1996 trial. Instead, counsel was referencing Chacon’s ex-wife’s letters which had been written at the time of trial. The postconviction court’s conclusion that the letter from Glenda W. was not newly discovered evidence is not supported by any evidence.
If counsel did not wish to represent Chacon any longer, he should have requested that he be allowed to withdraw and new counsel appointed. In my opinion, the postconviction court should not have summarily denied the facially sufficient motion without conducting an eviden-tiary hearing when nothing supported the denial. The “rule 3.850 motion remains facially sufficient to require an evidentiary hearing.” See Mathews v. State, 870 So.2d 36, 37-38 (Fla. 2d DCA 2003).
I would reverse the order denying relief and direct that an evidentiary hearing be conducted. Only after Chacon is afforded a full evidentiary hearing should we determine that due process has been satisfied.